HOLMES v. THE CITY OF HAMBURG.

1. **Municipal Corporation:** DAMAGES: BRIDGES.   In an action against a city for damages for injuries occasioned by a defective bridge, evidence respecting the conduct of the city after the accident was not admissible to show that the bridge was a city bridge, for the maintenance of which in good repair the city was liable.

2. ——: ——: ——.   A city is required to maintain its bridges only in reasonably and ordinarily good repair.

3. **Offer:** WITHDRAWAL OF.   Where the plaintiff fails to give notice of his acceptance of an offer made by the defendant within the time prescribed, the offer is presumed to have been withdrawn and the plaintiff cannot avail himself of it after the trial.

*Appeal from Fremont Circuit Court.*

MONDAY, DECEMBER 10.

THIS is an action for the recovery of fifty dollars, on account of injuries inflicted to plaintiff's colt whilst crossing an alleged defective bridge, claimed on be under the control of defendant. The defendant, for answer, admits that it is a corporation, and denies all the other allegations of the petition.   After answering, defendant offered to confess judgment in favor of plaintiff for the sum of ten dollars and the costs at that time accrued. This offer was not accepted.   There was a jury trial, resulting in a verdict for defendant.   The plaintiff's motion for a new trial was overruled, and judgment was rendered against him

for costs.  At the succeeding term of court plaintiff filed a motion, on due notice to defendant, to correct the judgment and that judgment be entered against defendant for the sum offered to be confessed.  This motion was overruled.  Plaintiff appeals.

*Samuel Holmes, pro se.*

*J. W. Dalby,* for appellee.

DAY, CH. J.—I.  The plaintiff offered to prove that defendant had reconstructed and repaired the bridge after the injury complained of for the purpose of proving that the bridge was a city bridge, recognized by the city to be under its care and supervision.  Upon defendant's objection this testimony was excluded.  This action of the court is assigned as, error.  The ruling was proper.  The conduct of the city after the injury was not admissible to show the relation of the city to the bridge at the time of the injury.

1. MUNICIPAL corporations: bridges: damages.

II.  The court in substance instructed that if the bridge in question was situated on one of the public streets of Hamburg it was the duty of defendant to keep it in reasonably and ordinarily good repair.  Appellant insists that the court should have instructed that it was defendant's duty to keep the bridge in repair, as provided in section 527 of the Code.  The defendant, however, cannot be held liable unless it was guilty of some negligence.  It cannot be claimed that the defendant was guilty of negligence if it kept the bridge in reasonably and ordinarily good repair; absolute perfection of condition is not required.

2. ——: ——: ——.

III.  It seems from the instructions, although none of the evidence is set out in the abstract, that the colt when injured was following a mare ridden by plaintiff's son.  It is objected that the court should have instructed that the care required of plaintiff's son should be such only as is usual among children of his age.  A sufficient answer to this is that the record nowhere shows the age of plaintiff's son; for aught that the record shows he was an adult.

IV.  The court instructed "that if plaintiff permitted his

son to ride across said bridge on his mare with the colt following after her, knowing the bridge to be unfit and dangerous for the purpose of crossing, and the injury occurred by reason of plaintiff's son crossing the bridge and permitting the colt to follow, the defendant is not liable in this action." · An objection· is urged to this instruction based upon the notion that the word *permit* is used in its passive sense of neglecting or failing to prevent, and it is said the plaintiff's son may have been at such a distance that it was beyond his power to prevent the crossing. It is apparent, however, that the word permit is here used in its active sense of allowing or giving leave to his son to ride across the bridge.

V. There was no error in refusing to render judgment against defendant for the amount offered to be confessed. The

3. OFFER: withdrawal of. offer was not accepted. Section 2900 of the Code provides that if notice of acceptance is not given within the time prescribed the offer shall be deemed withdrawn and shall not be given in evidence or mentioned on the trial. In such case the only consequence that follows the offer is that if the plaintiff fails to recover more than was offered, he shall pay all the costs accrued after the time of making the offer. The record discloses no error.

AFFIRMED.