---

(3 Misc. Rep. 136.)

### GUTTROFF v. WALLACH et al.

(City Court of New York, General Term. March 17, 1893.)

COSTS—RIGHT TO—OFFER OF JUDGMENT.

　　Under Code Civil Proc. § 738, authorizing an offer of judgment for a certain sum with costs, and providing that if plaintiff fail to obtain a more favorable judgment he cannot recover costs from the time of the offer, plaintiff, by proceeding to trial before the expiration of the 10 days within which the statute provides he may accept the offer of judgment, waives the right to avail himself of such offer, and he cannot recover costs accruing after the offer if he fails to obtain a more favorable judgment.

Appeal from special term.

Action by George Guttroff against Julius Wallach and others. There was judgment for plaintiff, and an order directing that defendants were entitled to costs accruing after the date of service of an offer of judgment made by defendants, and from the order plaintiff appeals. Modified.

As appears by the case on appeal, this action was brought for work, labor, and services and materials furnished, amounting to the sum of $124.80, with interest from May 19, 1891. The answer was not served until July 23, 1891, and was a general denial. On the same day an offer of judgment was served, offering to allow the plaintiff to take judgment in the sum of $74.80, with interest from May 19, 1891, together with costs, etc. This offer of judgment was retained by the plaintiff, and never returned on any ground. On the 2d day of December, 1892, an order was made granting leave to the plaintiff to amend his complaint, without prejudice to the pleadings, already had, and an amended complaint was served, and on December 2, 1892, another offer of judgment was served, and an answer to the amended complaint was served, admitting the claims set forth in the first paragraph of the amended complaint, amounting to $74.80, and denying as to the second cause of action, wherein plaintiff claimed $50. The case was duly tried on December 12th, and resulted in a verdict in favor of the plaintiff for $81.90, the amount claimed in the plaintiff's first cause of action, and the amount and interest thereon, for which defendants offered judgment, and upon the second cause of action in a verdict for the defendants. On the same day, December 12th, and after the rendition of the verdict herein, plaintiff's attorney served a full bill of costs, and also a written acceptance of defendants' offer of judgment for $74.80 and interest, made on December 2d. The plaintiff had his full bill of costs, taxed by the clerk at the sum of $96.25, while the defendants' attorney had his full bill of costs taxed at $70.92. Upon a motion made for a retaxation of said costs an order was made on December 17, 1892, wherein it was "ordered * * * that the defendants herein, and not the plaintiff, are entitled to a bill of costs, which the clerk of this court is hereby directed to tax. It is further ordered that the plaintiff is not entitled to a bill of costs herein, and is only entitled to costs and disbursements up to July 23, 1891, the date of the service of the offer of judgment herein." On December 21, 1892, an order was made resettling and amending the above order as follows: "It is ordered that the said order be, and the same is hereby, resettled and amended by inserting therein after the word 'on,' on the eleventh line, the words 'reading the summons and complaint, the offer of judgment, dated July 23,

1891, the answer, the amended complaint, amended answer, the offer of judgment dated December 2, 1892, extracts of minutes, and the acceptance of offer, verified on and served on the 12th day of December, 1892.'"

Argued before EHRLICH, C. J., and McGOWN and FITZSIMONS, JJ.

Maurice Meyer, for appellant.
Herman Bolte, for respondents.

McGOWN, J. The plaintiff had 10 days after the service of the second offer of judgment made on December 2d within which to serve a written notice of his acceptance of said offer, and upon such acceptance he could have entered his judgment for the amount of his first cause of action, $74.80, interest thereon, and costs up to the time of the offer, without application to the court, and without a trial. The case appeared upon the day calendar for December 6th. Plaintiff answered ready, and insisted upon the case being tried, and the case was actually tried on December 12th, having appeared daily upon the day calendar, and a verdict was rendered for the plaintiff on his first cause of action, and for the defendants on the second cause of action. The plaintiff, by proceeding to a trial, did not obtain a more favorable judgment than that offered him by the defendants. He evidently delayed the acceptance of the second offer of judgment until his full time for acceptance had expired, and after verdict rendered, trusting to obtain a more favorable verdict than that rendered. In all cases of offer of judgment a plaintiff has 10 days wherein to elect whether he will accept it or not, or he may proceed to trial. By proceeding to trial, before his time to accept had expired, he in effect elected not to accept the offer, but evidently intended to take the chances of obtaining upon a trial a more favorable judgment than that offered. We do not think that it was intended by, or that it is within the meaning of, section 738 of the Code[1] that a plaintiff should have the right to avail himself of the benefit of an acceptance of an offer of judgment and a trial at the same time. By electing to bring on the cause for trial before his time to accept had expired he waived all rights he may have had under the offer. The plaintiff, not having obtained a more favorable judgment than that offered before trial, is not entitled to any more costs than he would have been entitled to had he accepted the offer, viz. costs only up to the time of the offer, December 2d, while the defendants are entitled to costs from that time, December 2d. The order appealed from must be modified so as to conform to above opinion, and, as so modified, will be affirmed, with costs. All concur.

[1]Code Civil Proc. § 738, authorizes an offer of judgment for a certain sum with costs, and provides that if plaintiff fail to obtain a more favorable judgment he cannot recover costs from the time of the offer.