DANIEL BENSON v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

Offer to Compromise:  AS DISTINGUISHED FROM OFFER TO CONFESS JUDGMENT. Code, section 3818, provides that in an action for the recovery of money the defendant may offer in court to confess judgment for a part of the amount claimed, and if plaintiff is present and declines the offer, unless he recover more than he was offered he shall pay the costs. Section ▭ ▭ declares that defendant in an action for the recovery of money may, after answering, serve an offer in writing on plaintiff, that if he fails in his defense the amount recovered shall be a specified sum, and, if plaintiff accepts such offer within a specified time, the recovery, if any is had, will be limited to that sum. Held, that an offer in writing served on plaintiff, in court. to confess judgment for a specified amount, in full of all demands of the suit, though headed, "Offer of Compromise," is an offer to confess judgment.

OFFER TO CONFESS JUDGMENT: *Acceptance essential.* Under Code, section 3818, providing that defendants may offer in court to confess judgment in an action for the recovery of money, and if plaintiff, being present, refuses, he shall be liable for costs, unless he recovers more than was offered, an offer to confess judgment, made in court after the jury had been impaneled, which was refused, is of no further force; and hence it was error for the court to enter judgment at plaintiff's request, and against defendant's objection, on such offer, after a witness had been partially examined. What was done did not amount to a tender and the refusal could not then be recalled. ·

*Appeal from Marshall District Court.—*HON. O. CASWELL, Judge.

MONDAY, JANUARY 28, 1901.

ACTION at law to recover damages for failure to furnish cars as agreed. Defendant's answer was a general denial. After a jury was impanelled, defendant filed a paper offering to allow judgment to go against it for the sum of $100 and costs up to the time of the offer. Plaintiff refused to accept, but proceeded to introduce the evidence of one witness. Before the evidence of that witness was concluded, he decided to accept the offer, and judgment was rendered thereon against the defendant over its objections. Exceptions were taken, and the appeal is from the judgment so rendered. —*Reversed.*

*Hubbard, Dawley & Wheeler,* for appellant.

*Meeker & Meeker* for appellee. ·

DEEMER, J.—The offer to allow judgment was in the following form: "Defendant now offers that judgment may be entered in this case in favor of plaintiff against defendant in the sum of one hundred dollars and costs up to this time, in full of demands in this suit. January 19, 1899, immediately after the jury was sworn. Hubbard, Dawley & Wheeley, Attorneys for Defendant." The statement was headed, "Offer of Compromise." There is a question as to which of two statutes the offer was made under. ·Sec-

tion 3818, Code, reads as follows: "After an action for the recovery of money is brought the defendant may offer in court to confess judgment for part of the amount claimed. * * * If plaintiff, being present, refuses to accept judgment for such a sum in full of his demands in the action * * * and, on the trial, does not recover more than was offered to be confessed, he shall pay the costs of the defendant incurred after the offer. The offer shall not be treated as an admission of the cause of action or amount to which plaintiff was entitled, nor be given in evidence on the trial." This section is found in a chapter headed, "Judgment by confession," and under a subheading reading, "Offer to Confess After Action Brought." Section 3820, found under a chapter headed "Offer to Compromise," and a subheading, "Conditional Offer," is as follows: "In an action for the recovery of money only, the defendant, having answered, may serve on plaintiff or his attorney, an offer in writing, that if he fails in his defense, the amount of recovery shall be assessed at a specified sum. If plaintiff accepts the offer and gives notice thereof to the defendant or his attorneys within five days after it was served, or within three days if served in term time, and the defendant fails in his defense, the judgment shall be for the amount agreed upon. If plaintiff does not accept the offer he shall prove the amount to be recovered, as if the offer had not been made, and the offer shall not be given in evidence or mentioned on the trial; and if the amount recovered by the plaintiff does not exceed the sum mentioned in the offer the defendant shall recover his costs incurred in the defense." Section 3821 may also be read with profit. It is as follows: "The making of any offer, pursuant to the provisions of this chapter, shall not be cause for a continuance of the action or a postponement of the trial." Section 3819 is also referred to by counsel in argument, but, as it relates to offers of compromise before trial, it need not be considered.

Now, while the paper filed in the case is headed an offer to compromise, it will be observed that it does not meet the

requirements of section 3820, before quoted. If it is anything, it is an offer to confess judgment under section 3818, and must be so treated in the further consideration of the points involved. So treated the question arises, when, if at all, must the offer be accepted, and, if refused, may the refusal be recalled and acceptance made during the course of the trial? Plaintiff was present when the offer was made, and refused to accept it, electing to proceed with the trial. The offer had none of the requisites of a tender. It was in the nature of an offer of compromise, and when rejected had no further office than is provided by the statute quoted. By inference only can it be said that the offer remained open until after trial. Such an inference is not allowable, under the statute, as we view it. Section 3818 manifestly comprehends an acceptance or refusal of the offer when made, provided plaintiff is present in court, and rejection once made is binding and conclusive. When one has an option to accept or reject an offer, he is bound by the election first made, and cannot afterwards change his mind and bind the other party by his subsequent action. When the offer is rejected the proposition is, in effect, withdrawn, except as it may influence the question of costs; and, unless resubmitted, there is no offer to accept. This is the rule applying to contracts, and we think the same rule should be applied to offers confess, as the are not materially different from contract rights. A contrary decision would place the party making the offer at a decided disadvantage, and allow him to whom the offer was made to speculate on the outcome of the trial. In the case at bar the offer was rejected. After one witness had been examined, and his cross-examinations had been nearly completed, plaintiff changed his mind and concluded to accept the offer. Whether or not this was due to something that developed during the examination, favorable to defendant, does not appear. But this much is certain—that, if we sustain the procedure adopted in this case, it would allow a plaintiff to speculate on the outcome of a trial, and put the

defendant at a decided disadvantage.  Plaintiff had the right when the offer was made to either accept or reject it.  If he accepted, that was the end of the case.  If he rejected, he must be held to have elected to proceed with the trial and take his chances on the verdict.  Whatever his decision, he was bound thereby, and could not afterwards change his mind and insist that defendant hold the offer open for his benefit.  Election once made, is binding.  Even if it be conceded that the offer was of a compromise, and that plaintiff had a certain number of days within which to signify his acceptance, he could nevertheless act at any time during the period, and, having acted, his election was conclusive, although the full time had not expired.  There is no evidence that defendant held or intended to hold the offer open during the entire progress of the trial.  Indeed, that thought is distinctly negatived, because it objected to plaintiff's taking judgment on the offer at the time he did.  Prejudice to the defendant, or the want of it, is not important.  The whole matter turns on the meeting of the minds, and on the effect of the rejection of the offer to confess.   Our conclusions find support in the following among other cases: *Holmes v. City of Hamburg,* 47 Iowa, 348; *Orth v. Institution,* 5 Utah, 419 (16 Pac. Rep. 591); *Guttroff v. Wallach,* 3 Misc. Rep. 136, 22 N. Y. Supp. 745); *Gilman v. Pearson,* 47 Me. 352.  The trial court erred in rendering judgment on the confession, and its action is REVERSED.