Leslie T. BECKHAM, Plaintiff,

v.

REED, KAPT. H. KROHN, G.M.B.H., Defendant and Third-Party Plaintiff,

v.

STRACHAN SHIPPING CO., Third-Party Defendant.

Civ. A. No. 13784.

United States District Court
S. D. Texas,
Houston Division.

June 6, 1963.

Ben N. Ramey and Milton Schwartz, Houston, Tex., for plaintiff.

Royston, Rayzor & Cook, Carl O. Bue, Jr., and Gus A. Schill, Jr., Houston, Tex., for defendant and third-party plaintiff.

Fulbright, Crooker, Freeman, Bates & Jaworski, S. G. Kolius, Houston, Tex., for third-party defendant.

INGRAHAM, District Judge.

This case, a suit for damages allegedly received by plaintiff while working as a longshoreman on the SS Senator Hagelstein, is before the court on defendant's motion for judgment. Defendant's theory is that the parties have entered into a binding settlement agreement. The basic relevant facts as set out by the defendant have not been challenged by the plaintiff. On October 10, 1961, counsel for both sides began negotiations and after a series of offers and counter-offers a final figure of $8,750 was agreed upon on November 9, 1961. Plaintiff was kept informed of the negotiations and gave his personal consent to the figure arrived at. The next day defendant's underwriter was notified by defendant's counsel of the settlement and urged to accept it. On November 28, 1961, the underwriter advised defendant's counsel that the settlement was satisfactory; plaintiff's counsel was so advised on December 4, 1961. A release and order of dismissal was forwarded to plaintiff's counsel on

December 8, 1961. The next day plaintiff and his counsel both signed the papers. The funds to pay plaintiff arrived in Houston from the underwriter's New York office on December 15, 1961, and were mailed to plaintiff's counsel. On December 17, 1961, the plaintiff suffered a seizure and the next day his counsel informed the defendant that the agreement probably would not be honored. Confirmation of the fact that plaintiff would not honor the agreement was received by defendant on January 5, 1962, and the settlement funds and release were returned to defendant's counsel. On deposition the plaintiff admitted that at the time he signed the release he understood it and assented to its terms. He also admitted that at that time he was aware of the fact that his medical reports indicated possible epileptic seizures in the future.

While the plaintiff does not contest these facts he does offer several theories as support for his contention that defendant's motion should be denied. These will be treated in order. First, plaintiff contends that in this diversity suit Texas law applies and that under the case of Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288, it is settled that if a party withdraws his consent to a settlement before judgment has been entered and the court is aware of that fact, the agreement cannot be given effect. It is not clear that the construction of the Burnaman case urged by plaintiff is the correct one, it could be said that the real problem in that case was lack of actual consent, but that matter need not be gone into here for in fact it is federal law that controls this case. This is so because of either of two theories: (1) The agreement here is very similar to the one declared to be a maritime contract in Kossick v. United Fruit Co., 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56; (2) It could also be said that the agreement here bears the same relation to the maritime tort that is the basis of this suit that a statute of limitations does, and it is settled in this circuit that limitations on maritime torts are covered by federal law; see Flowers v. Savannah Machine

& Foundry Co., 5 Cir., 310 F.2d 135. Further, in the case at bar there is no strong state policy such as the one that lead the court to adopt state law in Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337.

▮▮ The next problem is to ascertain the content of the maritime law on settlement agreements. From such cases as Dagounakis v. The Santa Madre, D.C., 183 F.Supp. 54, affd. 4 Cir., 277 F.2d 461, and Cummins Diesel Michigan, Inc. v. The Falcon, 7 Cir., 305 F.2d 721, it seems clear that the federal courts have followed the well settled proposition, see 15 C. J.S. Compromise and Settlement § 7, p. 717, that such agreements are binding at the time there is a meeting of the minds and that subsequent repudiation is no bar to a judgment. Starting from the proposition that settlements are to be encouraged since they are to the ultimate interest of all concerned with the litigating process, the results in the aforementioned cases are sound and they will be followed here. Cf. J. Kahn & Co. Inc. v. Clark, 5 Cir., 178 F.2d 111.

▮▮ Second, the plaintiff contends that in order to have the settlement agreement enforced the defendant is under a duty to show that the plaintiff was not overreached and that the agreement is fair at this time. No cases are cited as support for this proposition. It is difficult to see how the plaintiff represented by competent counsel of his own choice could have been overreached. Further, it would seem that the burden of showing some lack of equity is with the plaintiff. No effort has been made to discharge this burden.

▮ Finally, the plaintiff contends that part of the agreement was that the $8,750 was to be free and clear of any liens. Since the time of the repudiation the defendant has impleaded plaintiff's employer, and the plaintiff says that once the impleader is complete, the sum to be paid him can no longer be free of compensation lien. However, it is the court's understanding that any sum paid to the seaman before the lien is asserted is free and clear. The Etna, 3 Cir., 138 F. 2d 37, the only case cited by plaintiff, is one where the compensation carrier intervened and asserted its lien.

Since none of the facts are disputed and since the plaintiff has shown no reason, either of equity or law, why this valid and binding settlement agreement should not be enforced, the plaintiff's suit will be dismissed with prejudice on the condition that the defendant first pay into the registry of the court to plaintiff's account the sum of $8,750, conditioned further that defendant indemnify and hold harmless the plaintiff from any claim or claims of the holder of the compensation lien.

The clerk will notify counsel to draft and submit appropriate order.