J. L. MAPP in his Representative Capacity for Hattie Snitker, Appellant,

v.

W. F. SNITKER, Appellee.

No. 8004.

Court of Civil Appeals of Texas, Amarillo.

Dec. 22, 1969.

Rehearing Denied Jan. 26, 1970.

Huff & Bowers and Forrest Bowers, Lubbock, for appellant.

Allison, Mann & Allison and Earl R. Allison, Levelland, Evans, Pharr, Trout & Jones and Charles B. Jones and Carlton B. Dodson, Lubbock, for appellee.

NORTHCUTT, Justice.

This is an appeal by Hattie Snitker by her guardian, J. L. Mapp, from a summary judgment rendered by the trial court in a bill of review filed by W. F. Snitker against the estate of A. A. Snitker, deceased and Hattie Snitker. Hattie Snitker was an incompetent and J. L. Mapp, her son, was acting as her guardian. A. A. Snitker was married two times. W. F. Snitker was the sole surviving child of A. A. Snitker and his first wife. After the death of the first Mrs. Snitker, A. A. Snitker on January 1, 1935, purchased the land here in question. On October 24, 1936, A. A. Snitker was married to Hattie Snitker and they continued married until the death of A. A. Snitker on September 17, 1967. Although the land here in question was purchased by A. A. Snitker prior to his marriage to Hattie Snitker the community estate of the second marriage paid a portion of the deferred purchase price and made certain improvements thereon.

A. A. Snitker died on September 17, 1967, leaving a will in which he made certain gifts to his wife, Hattie Snitker. Robert Lewis, executor of the estate of A. A. Snitker, filed an amended inventory appraisement and list of claims of the estate of A. A. Snitker, deceased. Hattie Snitker, by and through her guardian, J. L. Mapp, contested a portion of that inventory and appraisement, and that contest was appealed to the District Court of Hockley County, Texas and docketed under Cause No. 5837. The main issue involved in the contest challenged the approval by the probate court of the amended inventory appraisement wherein it was found that the land and minerals connected therewith were the separate property of A. A. Snitker and distinguished as being community property between he and his wife. A compromise settlement of the contest was made and entered into by and between the parties and approved by the judgment of the court in Cause No. 5837. It is that judgment that this summary judgment sought to set aside.

The compromise settlement among other items gave Hattie Snitker one-fourth of all of the oil royalties and gas rental or royalty due and to be paid under the terms of the lease. The summary judgment entered herein changed that compromise settlement and gave Hattie Snitker only one-eighth instead of the one-fourth as provided for in the settlement agreement.

The contest of the matters involved in Cause No. 5837 have never been tried and determined by the court in that case, but the parties tried to settle that case by a compromise. That was a contract made and entered into by and between the parties. If the contract was procured by fraud or there was such mutual mistake as to have the contract set aside then the court may set aside the agreement but the court may not contract for the parties. All the court could do would be to either render judgment according to the terms of the compromise as was originally done herein or set aside that judgment rendered originally affirming the compromise settlement and placing the parties back to try the matters

involved in Cause No. 5837. By the court changing the compromise agreement, it was forcing the appellant to take less than provided in the settlement agreement and constituting a bar to any right of action she might have by virtue of the matters involved in Cause No. 5837. It is stated in Atkins v. Womble, Tex.Civ.App., 300 S.W. 2d 688 (n. r. e.) as follows:

"A valid settlement agreement and a release, until set aside or canceled, are a complete bar to any later action based on matters included in the settlement agreement and covered by the release. Associated Employers Lloyds v. Howard, 156 Tex. 277, 294 S.W.2d 706; Hart v. Traders & General Ins. Co., 144 Tex. 146, 189 S.W.2d 493."

Since we are of the opinion the case must be reversed because of the matters set out herein, we will not consider other matters here involved. The judgment of the trial court is reversed and remanded.