**Elaine Mathes STEWART, Appellant,**

v.

**Lena MATHES, Appellee.**

No. 7721.

Court of Civil Appeals of Texas, Beaumont.

Sept. 25, 1975.

Leon Pettis, Beaumont, Leonard Stolaroff, Houston, for appellant.

Ernest Browne, Sr., Gilbert I. Low, Beaumont, for appellee.

STEPHENSON, Justice.

The opinion of this Court handed down on August 28, 1975, is withdrawn and the following substituted in its place.

This is an appeal from a judgment of the County Court of Jefferson County that plaintiff take nothing. Trial was before the court, sitting in probate, and the parties will be referred to here by name.

James Carroll Mathes died intestate in Jefferson County, and administration was taken out on his estate. Elaine Mathes Stewart filed a petition in that estate asking that she be declared a daughter of the deceased. Later pleadings filed showed her claim was based upon the theory of "adoption by estoppel".

An agreement was made to settle her claim against the estate for the sum of $22,500. This settlement was composed of communications between the attorneys of the respective parties. Before actual payment of the money was made, Elaine Mathes Stewart informed her attorneys that she did not desire to go through with the settlement.

Lena Mathes, administratrix of this estate, filed a motion for summary judgment based upon the compromise agreement which was denied by the court. The court then set a hearing upon the issue of the compromise agreement. Evidence was heard and judgment was then rendered upholding the validity of such settlement.

The material facts of this case are undisputed. The parties did agree to a settlement of this case, but Elaine Mathes Stewart changed her mind and the trial court was informed that she no longer consented to the agreement. The issue of heirship was not litigated in the trial court. The only evidence heard was upon the question as to whether or not the parties had agreed at an earlier time to a settlement of this case. Stewart at no point has asserted that her attorney did not have authority to enter into any settlement agreement. The record indicates that Stewart's attorney had such authority, and her attorney admitted such upon oral argument.

We are thus presented with the issue of whether a party to a settlement agreement

can withdraw her consent prior to the time that a judgment is rendered upon that agreement.

While conceding not only that there was authority to enter into a compromise agreement but also that a valid agreement was previously made, it is Stewart's contention that such an agreement cannot, under the law of this state, furnish the basis for a judgment because consent was withdrawn before the judgment was entered and that the trial court knew this fact. Mathes basically asserts that the parties reached a valid settlement agreement and that it was enforceable as such on the basis of contract law between the parties.

In support of her position, Stewart relies primarily on *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951). At 291, the Supreme Court held that:

> "A valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court."

We have no dispute with that particular rule of law and other cases have supported that proposition. *W. L. Moody & Company, Bankers v. Yarbrough*, 510 S.W.2d 396, 399 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.); *Farr v. McKinzie*, 477 S.W.2d 672, 676 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.). But we do not believe that *Burnaman* is dispositive of the issue before us. An examination of that opinion demonstrates that the Court there was holding the consent judgment invalid and *not* the settlement agreement. At 292, the Court further made the following statement which is pertinent to our situation:

> "It follows that the reversal of the judgment should be *without prejudice to the right of defendants to plead the agreement in bar of plaintiff's suit* and without

prejudice also to plaintiff's right to avoid the agreement by pleading that her attorney was without authority to make it." (Emphasis supplied.)

The import of Burnaman is that while a party can enter into a *valid and binding* settlement agreement pending disposition of the case, a trial court cannot enter into a *consent judgment* which incorporates the terms of that agreement if one of the parties thereto withdraws consent prior to entry of the judgment. This does *not* render the settlement agreement or its enforceability invalid—only a judgment entered in the above manner. See *Beckham v. Reed, Kapt. H. Krohn, G.M.B.H.,* 217 F.Supp. 749, 750 (S.D.Tex.1963) which also questions the application of Burnaman in the manner urged by Stewart.

Mathes in the court below did not request entry of a consent judgment. She sought enforcement of the settlement agreement and the rendition of a judgment based upon that "contract." The trial court did not hear evidence and determine that Elaine Mathes Stewart was not an heir. It heard evidence and decided that she had entered into a valid and binding settlement agreement.

Consent judgments are subject to the law of contracts. *Edwards v. Glifford,* 137 Tex. 559, 155 S.W.2d 786 (1941). We see no reason in not applying the law of contracts to settlement agreements themselves. As in this case, there was an offer, an acceptance, and consideration. This application has been widely and generally accepted and logic dictates that it should. See: *Parriss v. Jewell,* 57 Tex.Civ.App. 199, 122 S.W. 399 (Austin 1909, writ ref'd), in which it is held that withdrawal of a will contest is sufficient consideration to permit settlement of a suit. See also 15A C.J.S. *Compromise & Settlement* § 8 at 194 (1967); 15 Am.Jur.2d *Compromise & Settlement* § 6 at 940 (1964). No onerous burden is placed on the recipient of the offer. That party merely has to decide whether to accept that

offer, but once accepted, she should not be permitted to withdraw from the contract arbitrarily. Once the party elects to accept the offer, the election should be binding. *Mubi v. Broomfield*, 108 Ariz. 39, 492 P.2d 700 (1972); *Landau v. St. Louis Public Service Company*, 364 Mo. 1134, 273 S.W.2d 255 (1954); *Cunningham v. Iowa-Illinois Gas & Electric Co.*, 55 N.W.2d 552 (Iowa 1952); and *Benson v. Chicago & N.W. Ry.*, 113 Iowa 179, 84 N.W. 1028 (1901). See also *University Computing Company v. Leader Corporation*, 371 F.Supp. 86 (N.D.Tex.1974).

■ The party making an offer which is accepted is then permitted to enforce the agreement in a suit upon the contract, either for breach or for specific performance. Annot., 94 A.L.R.2d 506. This holding is not repugnant to the law of this State. See *Alexander v. Handley*, 136 Tex. 110, 146 S.W.2d 740 (1941); *Ferguson-McKinney Dry Goods Co. v. Garrett*, 252 S.W. 738 (Tex.Comm.App.1923, opinion adopted); and *Mapp v. Snitker*, 449 S.W.2d 857 (Tex. Civ.App.—Amarillo 1969, no writ), for examples of Texas cases which have enforced settlement agreements.

■ A contrary ruling on the facts of this case would place a heavy and unfair burden on the party who has relied on the opposing party's acceptance of the settlement agreement only to find that the party subsequently withdraws such consent at a time of their convenience. Moreover, we take judicial knowledge of the fact that many settlement agreements are entered into by the parties during the progress of contested trials. A party should not be permitted to enter into such a contract, perhaps to avoid an unexpected development during the trial, and then be allowed to repudiate the agreement before the written judgment can be prepared for entry. Fairness to all of the parties, as well as conservation of judicial time, energy and expense is achieved by holding the parties to the contract of settlement which they made. The benefits to the party which later rejects the agreement are outweighed

by the burdens which would be placed upon the offerer of the compromise.

The trial court did not err in entering judgment for Mathes in a suit to enforce the contractual settlement agreement.

Affirmed.