Bruce WEBB, Individually and as Independent Executor of the Estate of H. H. Webb, Deceased, Appellant,

v.

Henry T. WEBB et al., Appellees.

Nos. 13144, 13145.

Court of Civil Appeals of Texas, Austin.

July 16, 1980.

Rehearing Denied July 30, 1980.

Glenn E. Heatherly, Rhodes, Doscher & Heatherly, Abilene, for appellant.

J. R. Black, Jr., Scarborough, Black, Tarpley & Scarborough, Abilene, for appellees.

SHANNON, Justice.

Appellant, Bruce Webb, individually and as independent executor of the estate of H. H. Webb, deceased, appeals from an order entered by the district court of Runnels County enforcing an agreement to settle two contested probate suits. Appellees are appellant's brother, Henry T. Webb, and sister, Josie Webb Arnold. This Court will affirm the judgment of the district court.

A summary of the facts follows. During the pendency of the suits, the parties had made numerous efforts to settle their differences. On March 28, 1979, one day before pre-trial hearing, appellant's counsel telephoned appellees' counsel stating that appellant was willing to settle both suits on the basis of a prior settlement memorandum with some minor changes. Both lawyers examined the settlement offer. There were some portions of the document marked with ink and there were some ink interlineations. Appellee's counsel told appellant's attorney that he already had authority from his clients to make such a compromise and that the case was settled. Appellee's counsel then telephoned the San Angelo office of the district court and notified the secretary that both cases had been settled and asked that the cases be removed from both the pre-trial and trial dockets. The cases were removed from the respective dockets.

Although the settlement agreement was not conditioned upon the signed approval of the parties, appellees' counsel did ask appellant's counsel to have the settlement agreement re-typed and have the parties sign it. The agreement was signed by appellant's counsel and by appellees.

A few days after March 28, counsel for appellant told appellees' attorney that appellant wanted to add something to the settlement agreement.

On April 16, 1979, appellees filed with the court their motion for judgment enforcing the settlement agreement. Appellant filed a response to appellees' motion in which appellant's position was that his counsel had misunderstood his settlement authority.

At the hearing on the motion to enforce the settlement agreement, appellees called one witness, appellant's counsel. He testified that he thought and intended that the cases were settled on March 28. At that time, he had no question as to his authority to settle the cases. On cross-examination, counsel stated that he later realized that he had misunderstood appellant's instructions to him, and that, in fact, he did not have authority from appellant.

At the close of the hearing, the district court took the motion under advisement. At that time, the court also permitted appellant's counsel to withdraw and Glenn E. Heatherly to be substituted as counsel for appellant.

The district court set a further hearing on appellees' motion for enforcement of the settlement agreement for June 6, 1979. The district court was scheduled to hear on June 6, all pre-trial matters in causes to be tried to a jury on July 16, 1979. Counsel for appellees appeared at the pre-trial hearing, and although appellant's present counsel was notified of the hearing, he made no appearance.

Upon the basis of appellant's failure to appear and upon the testimony previously heard, the district court then rendered judgment that the settlement agreement should be enforced.

At appellant's request, the district court prepared and filed findings of fact and conclusions of law.

Appellant's first point of error is that the district court erred in enforcing the alleged settlement agreement because there was an unresolved fact issue concerning counsel's authority to settle that should have been submitted to a jury.

Although a party can enter into a valid and binding settlement agreement pending disposition of the cause, *Stewart v. Mathes*, 528 S.W.2d 116 (Tex.Civ.App.1975, no writ), the trial court cannot enter a

consent judgment that incorporates the terms of that agreement if one of the parties withdraws consent prior to entry of judgment. *Burnaman v. Heaton*, 240 S.W.2d 288 (Tex.1951). The withdrawal of consent does not render the settlement agreement or its enforceability invalid, but instead only a judgment entered without such consent is invalid. *Stewart v. Mathes, supra.*

Appellees did not request entry of a consent judgment. Instead, appellees sought enforcement of the settlement agreement and the entry of a judgment based upon that contract. The district court heard evidence and determined that appellant had entered into a valid and binding settlement agreement. *Stewart v. Mathes, supra.*

■ This Court is in agreement with appellant insofar as he states that a fact question was presented as to the authority of counsel for appellant to enter into the settlement agreement. Appellant was entitled to have a jury determination of that dispute. Nonetheless, this Court is of the opinion that under the facts and circumstances of this case, appellant waived his right to a jury determination of counsel's authority.

■ On March 28, 1979, the two causes were removed from the jury docket at counsels' request. At the hearing on appellees' motion for entry of judgment, appellant made no objection that a jury was not empanelled to hear the testimony. After the court has ruled adversely to his position, an appellant will not be heard to complain that he was entitled to have the jury decide the fact question rather than the court. *Hernandez v. Light Pub. Co.*, 245 S.W.2d 553 (Tex.Civ.App.1952, writ ref'd).

Appellant made no appearance at the June 6 hearing. One purpose of that hearing was to determine whether the several cases, including those at bar, would require a jury trial since a jury would be available in the district court of Runnels County on July 16, 1979. If appellant had not waived his right to a jury hearing before June 6, his failure to appear on that date certainly did so. Tex.R.Civ.P. 220, *Hall v. C–F Emp. Credit U.*, 536 S.W.2d 266 (Tex.Civ.App.1976, no writ); *Chandler v. Chandler*, 536 S.W.2d 260 (Tex.Civ.App.1976, writ dism'd).

The heart of appellant's appeal is that his attorney was not authorized to make a settlement offer to appellees' counsel, and hence appellant was not bound by the settlement agreement. Specifically, appellant attacks the district court's findings of authority and apparent authority as being contrary to the great weight and preponderance of the evidence. Appellant *does not* level a "no evidence" complaint against those findings.

■ A basic rule of agency, of course, is that the principal is not bound to a third person for the acts of the agent whenever the agents' acts are in excess of his authority. *Huckleberry v. Iverson Supply Co.*, 325 S.W.2d 445 (Tex.Civ.App.1959, writ ref'd n. r. e.). Accordingly, counsel has no power to compromise his client's lawsuit in the absence of authority. *McMillan v. McMillan*, 72 S.W.2d 611 (Tex.Civ.App.1934, no writ). Nonetheless, every reasonable presumption is to be indulged in favor of a settlement made by an attorney duly employed, and especially so after a court has recognized the settlement agreement and entered judgment on it. *Williams v. Nolan*, 58 Tex. 708 (1883); *Dunlap v. Villareal*, 91 S.W.2d 1124 (Tex.Civ.App.1936, no writ); *Walden v. Sanger*, 250 S.W.2d 312 (Tex.Civ.App. 1952, no writ).

■ This Court has examined the entire record, *In re King's Estate*, 244 S.W.2d 660 (Tex.1951), and has concluded that the district court's finding of authority is not so against the great weight and preponderance of the evidence as to be manifestly unjust. The weight and probative force of evidence is entirely for the trier of fact, the district court in this instance. In addition, it is commonplace that the trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be accorded their testimony. In the case at bar, the district court, as was its right, must have accepted part of the testimony of the witness and disregarded the balance of the testimony.

All of appellant's contentions have been considered, all are without merit, and all are overruled.

The judgment is affirmed.

Affirmed.

PHILLIPS, C. J., not sitting.