Dr. Forrest L. KENNEDY, Appellant,

v.

Richard J. HYDE, Percy L. Cook, Jack C. Johnson & Herman Smith, Appellees.

No. 2–83–022–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 1, 1984.

Rehearing Denied March 7, 1984.

McGregor & White and Charles B. McGregor, Waco, for appellant.

R.G. Guthrie, Fort Worth, for appellees.

Law, Snakard, Brown & Gambill and Walker C. Friedman and Larry L. Worden, Fort Worth, for appellee Herman Smith.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

ASHWORTH, Justice.

Appellant, Dr. Forrest L. Kennedy, appeals from a judgment which enforces an oral agreement in settlement of pending litigation.

Judgment affirmed.

This suit grows out of a transaction in which Herman J. Smith sold capital stock in the Mansfield State Bank to the plaintiffs, Hyde, Cook, Johnson, and Day, and the six defendants, Ragland, Palm, Kennedy, S.K. Pressley, Gardner, and C.E. Pressley. The four plaintiffs filed suit against the six defendants to recover interest allegedly paid by them for the defendants' benefit on indebtedness owing to Smith. A counterclaim was filed by the defendants and a third party action was filed by Kennedy against Smith alleging misrepresentation in the stock sale.

The parties and attorneys met for depositions on October 5, 1978, at the offices of the attorney for Kennedy. Settlement negotiations were initiated and after several hours, all agreed upon a settlement of all claims. The settlement, as it pertained to Kennedy, called for his execution of a note in the amount of $12,000.00, interest rate of eight percent (8%), and payable to the plaintiffs over a ten year term. Each party was to release all other parties from any claim.

All other parties executed such instruments as were necessary to carry the oral settlement agreement into effect. Kennedy's settlement papers, consisting of a mutual release and note, were presented to him and he refused to sign. Those who had executed the settlement instruments were dismissed from the suit and the cause continued against Kennedy with the third party action against Smith.

Smith alleged that Kennedy was bound by the oral settlement agreement and had no cause of action against him. The trial court ordered a separate trial as to the issues concerning the validity of the oral settlement agreement. Based on jury findings, the trial court rendered judgment against Kennedy, which in effect enforced the oral settlement agreement, and awarded attorney's fees.

■ Appellant presents ten points of error. In his first point, he contends the trial court erred in rendering judgment upon a purported oral agreement between parties to a pending suit which did not comply with rule 11 of the Texas Rules of Civil Procedure. In his second point, he contends the trial court erred in finding that a purported oral agreement between parties and their attorneys to a pending suit, which did not comply with rule 11 of the Texas Rules of Civil Procedure, could be enforced.

TEX.R.CIV.P. 11 states as follows:

No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

The gist of appellant's argument is that the settlement agreement cannot be enforced because it was not in writing, signed by the parties, and filed as part of the record. In the alternative, appellant argues the settlement agreement was not made in open court and entered of record. We agree with appellant's argument insofar as it pertains to enforcement of the settlement by rendition of judgment. We believe the purpose of rule 11 is to authorize rendition of agreed judgments only if the agreement for judgment is memorialized either in a signed and filed writing, or by a record of open court statements.

Appellees rely on the case of *Stewart v. Mathes*, 528 S.W.2d 116 (Tex.Civ.App.—

Beaumont 1975, no writ), for the proposition that oral settlement agreements may be enforced even if they do not comply with rule 11. Appellant submits that *Stewart* was incorrectly decided and has been erroneously followed. In *Stewart*, Elaine Mathes Stewart claimed she was entitled to a portion of a decedent's estate because she was a daughter by virtue of adoption by estoppel. The attorneys, apparently with consent of the parties, agreed upon a settlement of Stewart's claim for the sum of $22,500.00. Before the money was paid, Stewart informed her attorneys she had changed her mind. The trial court held a hearing on the compromise settlement, found it valid, and rendered judgment accordingly.

The appellant in *Stewart* relied on *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951), which holds that a valid consent judgment cannot be rendered if one of the parties withdraws consent prior to rendition of judgment. The court in *Stewart* found no dispute with the holding in *Burnaman*, but held it did not prevent proof of the settlement agreement and rendition of judgment according to such agreement.

We agree with the holdings in *Burnaman* and *Stewart*, and find that they are not in conflict. A consent judgment cannot be rendered unless the provisions of rule 11 are satisfied and the consent of the parties continues to exist at the time the court undertakes to make the agreement the judgment of the court. Failure to comply with the provisions of rule 11 does not prevent an oral agreement of settlement from being enforced. Appellant's first and second points of error are overruled.

■ Appellant's third point of error alleges trial court error in ruling that an oral agreement to pay money over a ten year period was without the Statute of Frauds, TEX.BUS. & COM.CODE ANN. § 26.01 (Vernon 1968).

As stated earlier, a part of the settlement agreement provided for the execution of a note by appellant in the amount of $12,000.00, bearing interest at eight per-cent (8%) per annum, and payable over a ten year term. Appellant's point is that since the agreement to pay was not to be performed within one year, it falls within the Statute of Frauds, and must be in writing to entitle it to be enforced.

Appellant orally agreed to execute the note and release. While it is true the performance of the payments provided for in the note extended over a ten year period, execution of the agreement was contemplated to be upon preparation of the appropriate instruments. While some time was expended in such preparation and circulation for execution, all events occurred well within a one year period from the date of the oral agreement. We hold the agreement to execute the note and release in question did not violate the Statute of Frauds.

■ We now address appellant's argument that since the note was to be paid over a ten year period, the agreement could not be enforced because it was not to be performed within one year. The note which was submitted to appellant for execution could have been prepaid at any time without penalty. The maker would have had the obligation to make the payments over the ten year period, but he would also have had the right to pay the entire note at any time after execution.

Looking at the terms of the note itself, it was possible for the agreement of payment to have been performed within one year. It was not, therefore, within the Statute of Frauds. *Miller v. Riata Cadillac Company*, 517 S.W.2d 773 (Tex.1974). Appellant's third point of error is overruled.

■ Appellant's fourth and fifth points of error can be considered jointly. In his fourth point, it is alleged that error was committed in granting a separate trial on the existence of an oral agreement to settle and any later breach of any agreement made. The fifth point asserts error in overruling appellant's motion for continuance.

On March 25, 1982, an order was rendered directing that a separate trial be had relating to

issues of breach of settlement as a defense, as grounds for estoppel, as grounds for specific enforcement, as grounds for all related causes of action against Defendant based on breach of agreement, fraud, and/or negligent misrepresentation; and that such trial be had prior to the trial of all other issues involved in this cause of action ...

Appellant alleges this order of severance was rendered only four days prior to the specially set trial of the case. He also alleges that up until March 3, 1982, plaintiffs had asserted they did not consider an oral settlement to be a valid claim. Appellant argues this switch in position by plaintiffs shortly before the trial denied him his right of discovery as to such contention.

We note that the issue of the oral agreement as a defense had been made by appellee Smith on October 2, 1980. The issue of the oral agreement had been a factor in the case during the entire period of its pendency from that date. It was an issue which would have to be resolved in the trial of the case.

The court below was faced with the trial of a complex lawsuit with multiple parties and claims. Trial of all issues would reasonably have required many witnesses and a considerable period of time. The oral settlement agreement, if established, would have resolved the case without the necessity of a prolonged trial on the other issues. In our opinion, this was a classic situation calling for a separate trial on the oral agreement issue. There certainly was no abuse of discretion on the part of the trial judge in ordering the separate trial. 3 R. MCDONALD, TEXAS CIVIL PRACTICE, § 10.26 (rev. 1983). Appellant's fourth point of error is overruled.

Appellant's fifth point of error alleges error by the trial court in overruling his motion for continuance. On March 29, 1982, the date scheduled for the trial, appellant presented his motion for continuance to the trial court. The motion was overruled by the trial court on the same day it was filed, and the case proceeded to trial.

In his motion for continuance, appellant stated essentially the grounds as asserted in his argument under his fourth point of error, the separate trial matter. In considering appellant's fourth point of error, we have determined there was no error in ordering the separate trial. It involved a matter which had been a part of the controversy between the parties and which had been incorporated in the pleading since October 2, 1980. It was a matter which appellant should have been prepared to try, whether it was asserted only by appellee Smith or also by the plaintiffs.

■ The same principles apply to the actions of the trial court concerning continuances as apply to actions on separate trials. Such actions are a matter of discretion and will not be reversed unless such discretion was abused. *Garcia v. Texas Emp. Ins. Ass'n,* 622 S.W.2d 626 (Tex.Civ. App.—Amarillo 1981, writ ref'd n.r.e.). There was no abuse of discretion, and appellant's fifth point of error is overruled.

■ Appellant's sixth point of error asserts trial court error in refusing to submit appellant's requested issues on estoppel and evidence supporting those issues. Appellant argues that since the plaintiffs had previously led appellant to believe there would be no such reliance on the oral settlement and did not file any pleadings relying on such agreement until March 3, 1982, they are estopped from such reliance.

Appellant also argues that appellee Smith is estopped from relying on the oral agreement because when he signed the written instrument evidencing the agreement, the appellant had been excluded from such written instrument.

The elements of an estoppel are:

(1) a false representation or concealment of material facts,

(2) made with knowledge, actual or constructive, of those facts,

(3) to a party without knowledge, or the means of acquiring knowledge of those facts,

(4) with the intention that it should be acted on, and

(5) the party to whom it was made must have relied or acted on it to his prejudice.

*Echols v. Bloom,* 485 S.W.2d 798, 802 (Tex. Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

Appellant apparently is arguing that if a person is going to rely upon a certain defense (oral settlement) in a lawsuit, it is necessary such defense be initially asserted. If it is not initially asserted, and the opposing party believes it will not be asserted, then estoppel precludes it. We fail to find the requisite elements of estoppel as to either the plaintiffs or appellee Smith.

It is noted that appellant's pleadings contain no assertions of estoppel, and the submission of such issues would not be proper unless tried by agreement. Issues on waiver, akin to estoppel, were requested by appellant, were submitted, and were answered adversely to him. Under all the circumstances of this case, there was no error in refusing to submit appellant's requested issue on estoppel. Appellant's sixth point of error is overruled.

Appellant's seventh point of error is directed to the ruling of the original plaintiffs' claim on an oral agreement was not barred by limitations.

Appellant contends that the original plaintiffs, Hyde, Cook, and Johnson, are barred by limitations from reliance on the October 5, 1978, agreement because it was not asserted in their pleadings until March 3, 1982. Both parties cite *Leonard v. Texaco, Inc.,* 422 S.W.2d 160 (Tex.1967) in support of their position.

In *Leonard,* suit in tort was brought against Texaco in 1961 for damages resulting from seismic operations by Texaco to the surface estate of land owned by Leonard. In 1964, Leonard amended his petition, also alleging in addition that Texaco had breached an agreement to pay for the damages. Texaco contended that the cause of action founded on contract was barred by the two year statute of limitation. The Supreme Court held that the cause of action alleged in 1964 was not barred by limitations because it fell within the provisions of TEX.REV.CIV.STAT.ANN. art. 5539b (Vernon 1958) which states:

Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. . . .

We must determine if the October 5, 1978, oral agreement is wholly based on and grows out of a new, distinct or different transaction and occurrence from the one originally alleged. Appellant's position is that the original suit was based on claims arising out of the sale of the bank and included claims for debt, defenses to that claim, cross-actions involving fraud, and cross-actions involving attorney's fees, and that the subsequent oral settlement agreement is a new, distinct, and different cause of action.

If there had been no suit based on the sale of the bank, there would have been no oral settlement agreement of that suit. We hold the oral settlement agreement "is not wholly based upon and grows out of a new, distinct or different transaction and occurrence." Appellant's seventh point of error is overruled.

In his eighth point of error appellant alleges the trial court erred in granting an order of severance. This point is similar to his fourth point of error. In appellant's eighth point, however, error is directed toward the action of the trial court in ordering a severance of other actions after the trial of this cause was completed.

The matter of severance was discussed under appellant's fourth point of error, and nothing additional has been presented to show that such severance, before or after trial, amounted to an abuse of discretion. Appellant's eighth point of error is overruled.

■ Appellant's ninth point of error alleges the trial court erred in rendering judgment for attorney's fees in that there was no pleading or proof of presentment by any party as required by TEX.REV. CIV.STAT.ANN. art. 2226 (Vernon Supp. 1982–1983).

We are convinced that attorney's fees are not recoverable in this case as consequential damages as contended by appellees. If they are recoverable at all, the requirements of art. 2226 must be satisfied. Appellant admits in his brief that attorney's fees come within a class of suit covered by the statute, that is, oral settlement agreement; he denies, however, that they are recoverable in this case because no presentment of the claim was made and remained unpaid for 30 days prior to the judgment.

Since we have determined that attorney's fees in this case are governed by art. 2226, it is appropriate to review that article. We see that the article has been amended from time to time, the last amendment occurring in 1979. The amendments generally expand the applicability of the article, making it possible for an aggrieved party to receive full redress for losses suffered. The article provides that it must be liberally construed in order to promote its underlying purpose.

In the instant case, we have several businessmen who are engaged in a sophisticated business transaction, the purchase of a bank. These men are all represented by attorneys in each phase of the negotiations. The transaction is completed, but controversies arise and litigation is initiated. During the course of the litigation, settlement negotiations result in an oral settlement agreement by all parties and their attorneys. One of the considerations of the appellant in agreeing to the settlement is the fact that he will have to bear future fees of his attorney alone, while before, the attorney was representing three of the parties. When the oral agreement is reduced to writing, appellant refuses to sign, giving as reason his change of mind. In response to requests for admissions, appellant admits that appellee Smith would continue to incur attorney's fees if the agreement is not observed.

Under the circumstances outlined above, and in view of the statutory admonition regarding liberal construction, was it necessary to make an additional presentation of demand upon appellant in order for attorney's fees to be recoverable? We hold no additional presentation was required.

*Harvey v. Pedigo Oil Co., Inc.,* 557 S.W.2d 167 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.) involved attorney's fees in a suit on a sworn account. The creditor's attorney went to visit the debtor concerning the account. The debtor stated "I have hired a lawyer. You go take it up with him." It was held that under the circumstances of that case such statement constituted sufficient presentation of claim to justify the award of attorney's fees. No particular form or manner of presentment of claim is necessary. All that is required is a request for payment and failure of payment for 30 days thereafter. *Ashford Development, Inc. v. U.S. Life Real Estate Services Corporation et al.,* 661 S.W.2d 933 (Tex.1983). We hold the answer to the request for admission stated above constituted sufficient presentment in this case. Appellant's ninth point of error is overruled.

■ Appellant's tenth point of error complains of trial court error in rendering judgment for attorney's fees without requiring that any award of fees be reasonable and necessary as to the cause of action being tried.

The court submitted special issues to the jury inquiring as to the amount of a reasonable fee for the attorneys, in relation to the amount of time expended in this case, "for legal services rendered after October

5, 1978, in the preparation and trial of this cause in this court." Subdivisions of the issues were submitted with regard to three appellate steps.

It is remembered that this cause was severed from the other matters in controversy between the parties, and the cause that was tried to the jury concerned the oral agreement of October 5, 1978. It is apparent from the framing of the issues on attorney's fees that the questions called for answers as to the time and amount of attorney's fees relating to the severed action which was tried, and, therefore, the fees were apportioned.

In reviewing the record as a whole, and in the absence of evidence to the contrary, we may presume that the jury properly considered only the time and effort of the attorneys with regard to the case which was actually tried. The issues on attorney's fees were properly submitted to the jury asking for answers as to attorney's fees for services rendered in the instant case. The answers of the jury to those special issues are supported by the evidence. Appellant's tenth ground of error is overruled.

Judgment affirmed.

JORDAN and SPURLOCK, JJ., not participating.