Allen R. DEHNERT, Appellant,

v.

Glenda Katherine DEHNERT, Appellee.

No. 09 85 134 CV.

Court of Appeals of Texas,
Beaumont.

March 6, 1986.

Thomas P. Roebuck, Jr., Beaumont, for appellant.

Gilbert I. Low, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Glenda Dehnert brought a divorce action against Allen Dehnert. She was originally granted a default judgment. After the judgment had become final, Mr. Dehnert filed a bill of review. The parties attempted to negotiate a settlement of their differences. Thereafter, Mrs. Dehnert filed a response to the bill of review alleging a novation. She alleged that after the parties had appeared for trial, they had come to an agreement and the agreement was enforceable on the basis of novation citing *Stewart v. Mathes*, 528 S.W.2d 116 (Tex. Civ.App.—Beaumont 1975, no writ). After a hearing, the trial court sustained Mrs. Dehnert's position on the basis of *Stewart, supra.* Mr. Dehnert brings this appeal citing two points of error. They are:

I. "The trial court erred in enforcing the so-called settlement agreement for the reason that there is no compliance with Rule 11, Texas Rules of Civil Procedure.

II. "The trial court erred in enforcing an alleged settlement agreement which had been purported entered into prior to the court's granting of a bill of review on the issues of property division and visitation rights."

The first point of error is predicated on *Kennedy v. Hyde*, 682 S.W.2d 525 (Tex. 1984). Here Justice Robertson holds that for a settlement agreement to be enforceable, it must comply with *TEX.R.CIV.P. 11.* The rule states:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

It is undisputed that the parties did not sign any agreement. Mrs. Dehnert's position is that the agreement was reduced to writing and forwarded to Mr. Dehnert's attorney. Then, Mr. Dehnert's attorney returned the agreement, and while he did not sign in the space provided, the attorney did note on the return transmittal letter: "P.S. —Buddy: Everything Else looks as agreed".

The trial court made the following pertinent findings of fact:

## IV.

"Both plaintiff and defendant announced that they were in agreement as to the Bill of Review with regard to the property of the parties and the visitation, and that as to said matters the Bill of Review should be granted and a partial new trial on those issues granted.

## V.

"Plaintiff and defendant both announced in open Court that as to the matters of visitation and property division, the parties were in accord and had reached an agreement on said matters, announcing to the Court the terms thereof.

## IX.

"That the parties actually reached a verbal agreement to settle this case and announced to the Court in chambers that such an agreement had been reached, and the details of the agreement were understood by all parties.

## X.

That the parties operated under the agreement, with Allen R. Dehnert actually picking up furniture from Glenda Katherine Cormier Dehnert after the agreement, which furniture was a part of the agreement.

## XI.

"That sometime later Allen R. Dehnert decided that he did not want to go through with the settlement.

## XII.

"That Attorney Thomas P. Roebuck, Jr. had authority from Allen R. Dehnert to enter into this settlement agreement that was entered into by and between the parties."

These findings are amply supported by the evidence. We hold the agreement is in compliance with *Rule 11* and with the holding of *Kennedy, supra.* Justice Robertson went on to say in *Kennedy:* "Our holding, that *Rule 11* means precisely what it says, should not be interpreted as requiring 'slavish adherence' to the literal language of the rule in all cases."

■ Mr. Dehnert admitted his attorney had the authority to "deal and negotiate" for him in the settlement of the case. The returning of the agreement with the notation is a clear indication that there was such an agreement and it was correctly reflected by the writing. This certainly complies with the intent and spirit of *Rule 11*.

■ Further, it is undisputed that Mr. Dehnert took advantage of the agreement by receiving some of the property under the agreement. He, therefore, should not be able to take advantage of the agreement and then denounce it. *See, Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (Tex.1950). Point of error number one is overruled.

The second point of error is simply factually misplaced. The agreement tendered by Mrs. Dehnert's attorney and accepted by Mr. Dehnert's attorney was both an agreement to litigate the issues of visitation and property division and an agreement to settle the same issues. This point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.