Dolores ORTEGA–CARTER, as County
Treasurer for Travis County,
Texas, Appellant,

v.

AMERICAN INTERNATIONAL
ADJUSTMENT COMPANY,
Appellee.

No. 05–91–00781–CV.

Court of Appeals of Texas,
Dallas County.

June 5, 1992.

Rehearing Denied June 5, 1992.

John F. McCormick, Austin, for appellant.

Warren D. Campbell, Dallas, for appellee.

Before THOMAS, KINKEADE and ROSENBERG, JJ.

## OPINION

ROSENBERG, Justice.

Dolores Ortega–Carter, as County Treasurer for Travis County, Texas (Ortega–Carter), appeals from a summary judgment rendered in favor of American International Adjustment Company (AIAC) in its suit for recovery of a cash bond posted with Ortega–Carter by Mark Stevenson. In two points of error, Ortega–Carter contends that the trial court erred: (1) in granting AIAC's motion for summary judgment because the joint status report is not an agreement binding Ortega–Carter and the bond is uncertain or contingent and not subject to garnishment and (2) in sustaining AIAC's objections to the order refunding cash bond and to the affidavits of Herman Gotcher, Deborah Templeton, and John McCormick. We overrule Ortega–Carter's points of error. We affirm the trial court's judgment.

## STATEMENT OF FACTS

AIAC filed a prejudgment garnishment action, against Mark Stevenson and Ortega–Carter. AIAC alleged that it had previously sued Stevenson and others seeking to recover the principal sum of $1,391,734.[1] AIAC sought to garnish a $10,000 cash bond posted on Stevenson's behalf in a felony-theft case in Travis County, styled *The State of Texas v. Mark Stevenson, et al.*

Ortega–Carter filed an answer and moved to have the writ of garnishment dissolved. Although a hearing on the motion to dissolve was set, it was never heard. The case remained inactive until notices for dismissal for want of prosecution were sent to each counsel on December 8, 1989. Several continuances and extensions were granted at AIAC's request in response to the court's trial-setting notices.

On November 26, 1990, the trial court requested the parties to submit a joint status report informing the court about the status of the parties in the pending civil case. On December 11, 1990, AIAC and Ortega–Carter filed their report pursuant to the court's request. In the status report, the parties stipulated that Ortega–Carter was conditionally indebted to Stevenson, depending upon the outcome of Stevenson's appearance for his criminal trial. Ortega–Carter also agreed that the parties had settled the case, with the ultimate outcome dependent upon Stevenson's appearance for trial. In the event Stevenson defaulted upon the conditions of the bond, Ortega–Carter would be entitled to the bond funds. If Stevenson fully performed the conditions, AIAC would be entitled to the funds. Also, Ortega–Carter agreed that, at the conclusion of Stevenson's criminal trial, the parties would submit an agreed judgment to the court, reflecting whichever of the two alternatives was appropriate.

Stevenson was sentenced in his criminal action on February 8, 1991. However, Ortega–Carter reneged on her settlement agreement and refused to submit an agreed judgment. On February 11, 1991, Ortega–Carter was presented with a court order signed by District Judge Wilford Flowers ordering that the cash bond posted in Stevenson's criminal case be released to Gotcher, Stevenson's criminal defense attorney.[2]

On February 12, 1991, AIAC filed a request for admissions, which were answered on March 13, 1991. AIAC then filed a motion for summary judgment on March

---

1. There is no issue presented concerning that action or the eventual recovery of a judgment against Stevenson in the amount sought plus interest and costs by AIAC.

2. Ortega–Carter paid the money to Gotcher while the garnishment case was pending.

14, 1991, seeking to enforce the status report that settled the underlying dispute. Ortega–Carter filed a response to the motion for summary judgment, disputing the contractual nature of the status report and claiming that the motion to dissolve the writ of garnishment was pending because the action was not available on a bail bond. Summary-judgment evidence in the form of affidavits and an order were attached to the response. At the hearing, the trial court sustained objections to Ortega–Carter's summary-judgment evidence. AIAC's summary-judgment motion was granted on April 26, 1991.

## SUMMARY JUDGMENT

■ In her first point of error, Ortega–Carter argues that the joint status report was not a contract or instrument binding her to pay AIAC $10,000. Ortega–Carter further argues that the trial court erred in granting AIAC's motion for summary judgment because a claim that is uncertain or contingent is not subject to garnishment. We disagree.

■ Summary judgment may be rendered only if the pleadings, depositions, admissions and affidavits show that (1) there is no genuine issue as to any material fact and (2) the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 413 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

■ In a summary judgment proceeding, the plaintiff, as movant, must conclusively prove its entitlement to prevail on each element of the cause of action as a matter of law. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). The plaintiff meets the burden if it produces evidence that is sufficient to support an instructed verdict at trial. *Brownlee v. Brownlee,* 665 S.W.2d 111 (Tex.1984). The plaintiff is not under any obligation to negate affirmative defenses. The pleading of an affirmative defense does not, in itself, defeat a motion for summary judgment by a plaintiff whose proof conclusively establishes its right to an instructed verdict. The defendant must come forward with evidence sufficient to raise an issue of fact with respect to each element of the defense to avoid summary judgment. *Id.*

AIAC's motion for summary judgment sought to enforce the terms of the joint status report filed and signed by counsel for AIAC and Ortega–Carter. The report provided the following:

The parties have agreed that, in the event Stevenson defaults on his bail bond, that Ortega has superior claim to the bond funds. In the event Stevenson fully performs pursuant to the bail bond, Plaintiff is entitled to all the funds represented by the bail bond, as opposed to the bond being refunded to Stevenson or to a third party on Stevenson's behalf.

In the event Stevenson is successful in bargaining a guilty plea, or in the event Stevenson appears for trial, the parties *will submit an agreed judgment to the Court awarding Plaintiff the bail bond.* In the event Stevenson defaults on the bail bond, *the parties will submit an agreed judgment* that Plaintiff take nothing from Ortega.

As the parties have submitted to the Court on several occasions, this action does not lend itself to trial; rather, *all matters in controversy will be resolved by the resolution of Stevenson's criminal charges.* The parties have requested the Court to maintain the case on the Court's docket pending resolution of the status of the bail bond, *at which time the parties will submit an agreed judgment.*

As set forth herein, *the parties are in agreement as to all matters in controversy,* subject to an independent condition.

(Emphasis added.) Ortega–Carter argues that these terms are not stipulations which bind her.

■ A "stipulation" is an agreement, admission, or concession made in a judicial

proceeding by the parties or their attorneys respecting some matter incident thereto. *National Union Fire Ins. Co. v. Martinez,* 800 S.W.2d 331, 334 (Tex.App.—El Paso 1990, no writ). Rule 11 of the Texas Rules of Civil Procedure requires that an agreement between opposing counsel is enforceable if it is: (1) in writing, signed, and filed with the papers as part of the record or (2) made in open court and entered of record. *Jones v. American Motorists Ins. Co.,* 769 S.W.2d 617, 618 (Tex.App.—Houston [14th Dist.] 1989, no writ); TEX.R.CIV.P. 11. The Texas Supreme Court has stated that a settlement agreement is to be judged by rule 11 standards. *Kennedy v. Hyde,* 682 S.W.2d 525, 528 (Tex.1984); *Williams v. Hollingsworth,* 568 S.W.2d 130, 131 (Tex. 1978). The joint status report, which contains the language above, is an "agreement or stipulation" under rule 11. Thus, we are presented with the issue of whether a party to a settlement agreement can withdraw consent prior to the time that a judgment is rendered upon that agreement.

In *Burnaman v. Heaton,* the Texas Supreme Court held that:

> A valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court.

*Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 291 (1951). The Corpus Christi Court of Appeals, in *Stewart v. Mathes,* 528 S.W.2d 116 (Tex.Civ.App.—Corpus Christi 1975, no writ), interpreted the holding of *Burnaman.* In *Stewart,* the court stated that the *Burnaman* Court held that the consent judgment, *not* the settlement agreement, was invalid. *Id.* In addition, the *Stewart* Court stated that, while a party can enter into a *valid and binding* settlement agreement pending disposition of the case, the trial court cannot enter a *consent judgment* that incorporates the terms of that agreement if one of the parties thereto withdraws consent prior to the entry of the judgment. *Id.* However, this does *not* render the settlement agreement unenforceable or invalid—only a judgment entered in the above manner. *Id.*

This Court previously addressed this issue in *Browning v. Holloway,* 620 S.W.2d 611 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e. per curiam,* 626 S.W.2d 485 (Tex. 1981). In that case, we held that a party complying with rule 11 may enforce the agreement even after the other party has withdrawn consent, despite *Burnaman,* under the law of contracts. *Id.* This Court approved the rationale in *Stewart* where the court stated that the law of contracts governs settlement agreements and that a party merely has to decide whether to accept the offer of settlement; but once accepted, they should not be permitted to withdraw from the contract arbitrarily. *Browning,* 620 S.W.2d at 615. Once the party elects to accept the offer, the election should be binding. *Id.* Fairness to all the parties, as well as conservation of judicial time, energy, and expense, is achieved by holding the parties to the contract of settlement that they made. *Stewart,* 528 S.W.2d at 119.

Once the agreement is accepted, enforcement is by a suit upon the contract. *Id.* The interpretation of a contract is a legal question for the court, unless there is some ambiguity or unless surrounding facts and circumstances demonstrate a factual issue as to the agreement. *Browning,* 620 S.W.2d at 615; *see also Eastern Energy, Inc. v. Unico Oil & Gas, Inc.,* 861 F.2d 1379, 1380 (5th Cir.1988) (citing *Browning*). The procedure to enforce a rule 11 agreement requires pleadings and proof. *See Browning,* 620 S.W.2d at 615; *Stewart,* 528 S.W.2d 116. In the case at bar, AIAC filed pleadings and the motion for summary judgment to enforce the agreement. AIAC's summary-judgment evidence was the joint status report and the admissions of Ortega–Carter. At no time did Ortega–Carter's responses raise any contractual defense to the agreement. The joint status report was a valid rule 11 agreement because it was in writing, signed, and filed with the papers of the court. The language contained in the agreement set out

exactly what was to happen to the bond money depending upon the occurrence of one of two events involving Stevenson. If Stevenson complied with the bond's terms, AIAC was entitled to the money. On the other hand, if Stevenson defaulted, Ortega–Carter was entitled to the money. According to the admissions, Stevenson complied with all the terms of the bond, and the bond was not subject to forfeiture. Having complied with the terms of the bond, AIAC was entitled to the money pursuant to the joint status report. We hold that the trial court did not err in granting summary judgment for AIAC so as to enforce the settlement agreement entered into by the parties.

Because Ortega–Carter did not raise a defense to the rule 11 agreement in her response to AIAC's summary-judgment motion, the summary-judgment evidence could not have raised a fact issue. Therefore, we need not address Ortega–Carter's remaining points. Accordingly, we affirm the trial court's judgment.