**J.D. STEVENS et al., Appellants,**

v.

**Ron SNYDER, Appellee.**

**No. 05–93–00401–CV.**

Court of Appeals of Texas, Dallas.

Feb. 25, 1994.

Rehearing Denied April 5, 1994.

Michael A. Robertson, Grand Prairie, for appellants.

Marcus J. Busch, John M. Weaver, Dallas, for appellee.

Before BAKER, BURNETT and WHITTINGTON, JJ.

## OPINION

BAKER, Justice.

After a non-jury trial, the trial court entered judgment for Ron Snyder against J.D. Stevens for $225,000. The trial court based its judgment on a written settlement agreement arising out of mediation. In three points of error, Stevens contends there is no evidence to support any judgment for Snyder. We disagree. We affirm the trial court's judgment.

## SNYDER'S WRONGFUL DEATH SUIT

Snyder sued Stevens, individually, and Rogue Corporation, doing business as George Wesby's Restaurant and Pub, for the wrongful death of Snyder's common-law wife, Linda Cors. The court ordered mediation. The parties mediated the case. Snyder appeared with his attorney. Stevens appeared without an attorney. As a result of the mediation, Snyder's attorney prepared a handwritten settlement agreement.

Later, Snyder filed an amended pleading based upon the settlement agreement. Snyder alleged Stevens did not make the payments required by the settlement agreement. He alleged he should recover judgment for $225,000 with ten percent post-judgment interest. Stevens hired an attorney and filed an answer for himself and Rogue Corporation. Stevens alleged the settlement was vague, ambiguous, uncertain, and unenforceable.

The parties waived a jury and tried the case to the court. At the end of the evidence, the trial court found the agreement enforceable. The trial court entered judgment against Stevens for $225,000 with ten percent post-judgment interest. Stevens did not request nor did the trial court make findings of fact and conclusions of law.

## STEVENS' CONTENTIONS

Stevens contends the trial court erred in entering judgment for Snyder because:

(1) There is no evidence to support the finding that the parties entered into an enforceable settlement agreement;

(2) The evidence conclusively showed that Stevens withdrew any consent to judgment before entry of the judgment; and

(3) There was no evidence to support any judgment in Snyder's favor.

## APPLICABLE LAW

### A. Non–Jury Trial

■ In a non-jury trial where there is no request for findings of fact and conclusions of law and the trial court does not make any, we must affirm the trial court's judgment on any legal theory that finds support in the evidence. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990) (per curiam); *In re W.E.R.,* 669 S.W.2d 716, 717 (Tex.1987) (per curiam). The trial court's judgment implies the trial court made all necessary fact findings to support the judgment. *Worford,* 801 S.W.2d at 109; *Lemons v. EMW Mfg. Co.,* 747 S.W.2d 372, 373 (Tex.1988) (per curiam).

■ To determine whether the evidence supports the trial court's implied fact findings, we consider only evidence favorable to the judgment. We disregard all evidence contrary to the judgment. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 613 (1950); *Dallas County Hosp. Dist. v. Perrin,* 694 S.W.2d 257, 260 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

■ We may not consider the trial court's comments as a substitute for findings of fact and conclusions of law. Tex.R.Civ.P. 296; *In re W.E.R.,* 669 S.W.2d at 716.

### B. Settlement Agreements

■ Contract law applies to settlement agreements. *Ortega–Carter v. Am. Int'l Adjustment Co.,* 834 S.W.2d 439, 442 (Tex. App.—Dallas 1992, writ denied); *Browning v. Holloway,* 620 S.W.2d 611, 615 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e.). Once a party accepts a settlement offer, he cannot withdraw from the agreement arbitrarily. *Ortega–Carter,* 834 S.W.2d at 442; *Browning,* 620 S.W.2d at 615. Once a party accepts the agreement, enforcement is by suit upon the contract, either for breach or for specific performance. *Stewart v. Mathes,* 528 S.W.2d 116, 119 (Tex. Civ.App.—Beaumont 1975, no writ). The party seeking enforcement of the settlement agreement must support it by pleadings and proof. *Ortega–Carter,* 834 S.W.2d at 442; *Browning,* 620 S.W.2d at 615.

■ Under rule 11 of the Rules of Civil Procedure, a party may enforce a settlement agreement without the other party's consent under contract law. *Ortega–Carter,* 834 S.W.2d at 442; *Browning,* 620 S.W.2d at 615. Under section 154.071(a) of the Civil Practice and Remedies Code, a party may enforce the settlement agreement without the other party's consent under contract law. *Ames v. Ames,* 860 S.W.2d 590, 591 (Tex.App.— Amarillo 1993, no writ).

## APPLICATION OF LAW TO THE FACTS

■ When called for trial, Snyder announced he was proceeding only on the settlement agreement under section 154.071. *See* Tex.Civ.Prac. & Rem.Code Ann. § 154.-071(a) (Vernon Supp.1994). The court heard evidence from Snyder about the mediation conference and the settlement agreement.

Snyder testified he attended the mediation session on October 25, 1991. He said he compromised his claim and agreed to accept less than the full amount to settle the lawsuit. Snyder said Stevens appeared at the mediation. Stevens agreed on the settlement terms. Stevens represented to Snyder, Snyder's attorney, and the mediator that Stevens could pay the sums set out in the settlement agreement. Stevens agreed Snyder could get a judgment for $225,000 with ten percent post-judgment interest. Snyder agreed not to execute or abstract the judgment provided Stevens made the payments set out in the agreement.

Snyder identified Plaintiff's Exhibit One as the memorandum of the settlement agreement reached at the mediation. Snyder said Stevens agreed to the terms of that settlement and signed it at the mediators' request. Snyder said Stevens did not make payments required by the agreement. Snyder said

from the date of the agreement to the time of trial Stevens made no payments to him. On cross-examination, Snyder testified he thought the first payment by Stevens was due forty-five days after the date of the agreement. Snyder asked the court for a judgment of $225,000 with ten percent post-judgment interest.

Snyder's legal theory for recovery against Stevens was enforcement of a written agreement disposing of the dispute. Under section 154.071(a), a written settlement agreement is enforceable as any other written contract. TEX.CIV.PRAC. & REM.CODE ANN. § 154.071(a) (Vernon Supp.1994).

After the close of evidence and the arguments of counsel the court stated:

> The court finds that there is an enforceable settlement agreement and will interpret the vague terms as a matter of law, that the payment was to be 45 days after the signing of the agreement, the first payment of $400 and all subsequent payments were due.

Stevens contends that these comments show that the trial court improperly interpreted the agreement as a matter of law by supplying missing terms. We do not consider any comments the trial judge made at the end of the trial. *In re W.E.R.*, 669 S.W.2d at 716.

Viewed in the light most favorable to the judgment, the record shows Snyder agreed to accept less than the full amount of his claim to settle. Stevens agreed to settle on the terms outlined in the settlement memorandum. Stevens agreed to pay six payments of $400 per month beginning forty-five days after the date of the agreement. He would then make payments of $800 per month for nine months, and $1000 per month for seven years. The agreement further provided if Stevens defaulted, that Snyder, after notice of default, could obtain a judgment for $225,000 with ten percent post-judgment interest. The record shows Stevens defaulted because he did not make any payments called for under the settlement agreement. The record shows all necessary elements of an enforceable contract. We overrule Stevens' points of error one and three.

In his second point of error, Stevens argues the trial court's judgment is improper because he withdrew his consent to judgment. A court may not enter a consent judgment when one of the parties no longer consents to the judgment. *See Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex.1983); *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 291 (1951).

Stevens misplaces his reliance on this rule of law. That a party withdraws his consent to entry of a judgment does not make the settlement agreement unenforceable. *Ortega–Carter*, 834 S.W.2d at 442; *Stewart*, 528 S.W.2d at 118. As we held in both *Ortega–Carter* and *Browning*, contract law governs the settlement agreement. A party can enforce the agreement though the other party withdraws consent to the judgment. A party must provide proper pleading and proof to support enforcing the settlement agreement under contract law. *Ortega–Carter*, 834 S.W.2d at 442; *Browning*, 620 S.W.2d at 615. As we have already held, Snyder provided pleading and proof to support enforcement of the agreement. We overrule Stevens's point of error number two.

We affirm the trial court's judgment.