TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-96-00431-CV






In the Matter of R. W.





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-15,356, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 





 Appellant R.W., a juvenile, was adjudicated delinquent for possession of marijuana. See
Tex. Health & Safety Code Ann. § 481.121 (West Supp. 1997). The district court of Travis County,
sitting as a juvenile court, ordered appellant placed on probation for six months. Appellant challenges the
judgment of delinquency by two points of error, arguing that the district court used an incorrect standard
of proof and that the evidence was factually insufficient to prove the substance in question was marijuana. 
We will affirm the juvenile court's order.




FACTUAL AND PROCEDURAL BACKGROUND


 At approximately noon on November 3, 1995, James Newton, an officer with the Austin
Independent School District police, saw appellant and another young man in a school parking lot. Newton
approached the two boys and inquired about their absence from school. Newton detected the odor of
marijuana about their persons. Officer Newton also observed that appellant's eyes were dilated, his speech
was slurred and slow, and his movements were slow. After making these observations, Officer Newton
took the boys into an office at the Alternative Learning Center and searched appellant. He found two bags
of what appeared to be marijuana and a lighter hidden in appellant's shoe. Newton then performed a
chemical field test on the substance in the bags. The substance tested positive for marijuana. The juvenile
court adjudicated appellant delinquent and ordered appellant placed on probation for six months. 
Appellant appeals the judgment of delinquency.


DISCUSSION


 In his first point of error, appellant contends the district court failed to find beyond a
reasonable doubt that the substance recovered from appellant was marijuana. See In re Winship, 397
U.S. 358 (1970) (holding that due process requires State to prove charges beyond a reasonable doubt in
juvenile adjudication hearings). Specifically, appellant argues that by orally announcing his ruling in court,
the juvenile referee improperly incorporated a "sufficiency of the evidence" analysis into his adjudication
of appellant's delinquency. We disagree. Prior to the signing of the judgment of delinquency, the juvenile
referee stated:


 In this case, I'm going to rule that the officer was qualified as an expert to give an opinion
in this case and that his testimony alone was sufficient to establish that the substance was
in fact, marijuana, and, therefore, the Respondent is adjudicated delinquent for that offense.



Although the juvenile referee's statement mentions the sufficiency of the evidence before the court, it is far
from clear that he was in fact deviating from the proper beyond-a-reasonable-doubt standard. More
importantly, however, the court of appeals may not consider a trial court's oral comments as a substitute
for conclusions of law. See In re W.E.R., 669 S.W.2d 716, 716 (Tex. 1987); Stevens v. Synder, 874
S.W.2d 241, 243 (Tex. App.--Dallas 1994, writ denied). Thus, any oral statement by the juvenile referee
is inconsequential in light of a written judgment of delinquency. In its written Judgment of Delinquency, the
juvenile court clearly applied the correct standard, stating that "after considering the record, evidence and
argument of counsel, [the Court] finds beyond a reasonable doubt that the . . . allegations in the petition
filed herein are true and supported by the evidence . . . ." (Emphasis added.) The juvenile court applied
the correct legal standard. We overrule appellant's first point of error.

 In his second point of error, appellant argues that the evidence was factually insufficient to
prove that the substance found on appellant was marijuana. In resolving this point, we view all of the
evidence without the "in the light most favorable to the prosecution" prism and set aside the verdict only if
it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v.
State, 922 S.W.2d 126, 128-29 (Tex. Crim. App.1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd untimely filed); see In re M.S., No. 3-96-00430, slip. op. at 5 n.2 (Tex.
App.--Austin February 27, 1997, no writ h.) (applying criminal standard of review in juvenile cases
because the State bears the same burden of proof as in criminal case). 

 Officer Newton's testimony was the only evidence presented on the question of whether
the substance was marijuana. Officer Newton, who had been involved in over one hundred cases involving
possession of marijuana, testified that the appearance and odor of the substance was consistent with that
of marijuana. Additionally, the chemical field test he performed on the substance was positive for
marijuana. While the State concedes that a laboratory analysis of the substance would have removed all
doubt as to its identity, the court's determination that the substance was marijuana was not so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule appellant's
second point of error.


CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of the juvenile court.



 

 J. Woodfin Jones, Justice

Before Justices Powers, Jones, and Kidd

Affirmed

Filed: March 27, 1997

Do Not Publish



llant's eyes were dilated, his speech
was slurred and slow, and his movements were slow. After making these observations, Officer Newton
took the boys into an office at the Alternative Learning Center and searched appellant. He found two bags
of what appeared to be marijuana and a lighter hidden in appellant's shoe. Newton then performed a
chemical field test on the substance in the bags. The substance tested positive for marijuana. The juvenile
court adjudicated appellant delinquent and ordered appellant placed on probation for six months. 
Appellant appeals the judgment of delinquency.


DISCUSSION


 In his first point of error, appellant contends the district court failed to find beyond a
reasonable doubt that the substance recovered from appellant was marijuana. See In re Winship, 397
U.S. 358 (1970) (holding that due process requires State to prove charges beyond a reasonable doubt in
juvenile adjudication hearings). Specifically, appellant argues that by orally announcing his ruling in court,
the juvenile referee improperly incorporated a "sufficiency of the evidence" analysis into his adjudication
of appellant's delinquency. We disagree. Prior to the signing of the judgment of delinquency, the juvenile
referee stated:


 In this case, I'm going to rule that the officer was qualified as an expert to give an opinion
in this case and that his testimony alone was sufficient to establish that the substance was
in fact, marijuana, and, therefore, the Respondent is adjudicated delinquent for that offense.



Although the juvenile referee's statement mentions the sufficiency of the evidence before the court, it is far
from clear that he was in fact deviating from the proper beyond-a-reasonable-doubt standard. More
importantly, however, the court of appeals may not consider a trial court's oral comments as a substitute
for conclusions of law. See In re W.E.R., 669 S.W.2d 716, 716 (Tex. 1987); Stevens v. Synder, 874
S.W.2d 241, 243 (Tex. App.--Dallas 1994, writ denied). Thus, any oral statement by the juvenile referee
is inconsequential in light of a written judgment of delinquency. In its written Judgment of Delinquency, the
juvenile court clearly applied the correct standard, stating that "after considering the record, evidence and
argument of counsel, [the Court] finds beyond a reasonable doubt that the . . . allegations in the petition
filed herein are true and supported by the evidence . .