Opinion issued July 3, 2003




     











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00330-CV




R.K. DHINGRA, INDIVIDUALLY, TRUSTEE AND D/B/A/ SHIVA
INVESTMENT GROUP; S. GOSWAMI, INDIVIDUALLY AND D/B/A/
SHIVA INVESTMENT GROUP; S. KHARBANDA, INDIVIDUALLY AND
D/B/A/ SHIVA INVESTMENT GROUP; B.K. DHINGRA, INDIVIDUALLY
AND D/B/A SHIVA INVESTMENT GROUP, AND R.D. DHINGRA,
INDIVIDUALLY AND D/B/A SHIVA INVESTMENT GROUP AND
COUNTER PLAINTIFF, SUSAN PRATHER, Appellants

V.

CHARTERWOOD COMMUNITY IMPROVEMENT ASSOCIATION,
Appellee








On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 730,126




MEMORANDUM OPINION
          This is an appeal from a summary judgment rendered in favor of appellee,
Charterwood Community Improvement Association. Appellants R.K. Dhingra, S.
Goswami, S. Kharbanda, B.K. Dhingra, R.D. Dhingra, Shiva Investment Group (the
Dhingra appellants), and Susan Prather complain in four issues that the trial court
erred in (1) denying their motion for rehearing and for a new trial because they did
not receive notice of the hearing on the partial summary judgment that resulted in a
final judgment, (2) granting the motion for summary judgment when they were not
served properly with the motion and did not receive notice of the hearing or
submission of the motion, and (3) granting the appellee’s motion for summary
judgment because genuine issues of material fact existed. We affirm.
Facts and Procedural Background
          The Dhingra appellants own a home in the Charterwood subdivision that they
rent to Susan Prather. Appellants were delinquent in paying the homeowner’s
association dues. After fruitless efforts to collect the dues, Charterwood filed its
original pleadings on February 23, 2000. The pleadings stated that appellants had not
paid and refused to pay total assessments of $3,947.30, plus charges, interest, and
attorney’s fees. 
          R.K. Dhingra responded pro se on his own behalf, generally denying all of
Charterwood’s contentions. He claimed that Charterwood had breached a duty or
caused damage or loss, and he requested that the cause of action be converted to a
class action lawsuit. R.K. Dhingra also filed a motion contesting the service of
Charterwood’s petition on S. Goswami, S. Kharbanda, B.K. Dhingra, R.D. Dhingra,
and Shiva Investment Group.
          When appellants S. Goswami, S. Kharbanda, B.K. Dhingra, R.D. Dhingra, and 
Shiva Investment Group did not file answers to the petition, Charterwood filed a
motion for partial default judgment against these appellants on September 1, 2000. 
R.K. Dhingra filed a response to Charterwood’s motion for partial default judgment,
again alleging that the other defendants had not been properly served.
          On October 4, 2000, the trial court granted the partial default judgment against
S. Goswami, S. Kharbanda, B.K. Dhingra, R.D. Dhingra, and Shiva Investment
Group. Damages of $4,553.75, were awarded to Charterwood, and an order of sale
was issued to seize and sell the property that appellants jointly owned. 
          Without specifying a basis for her claim, Prather filed a plea in intervention
requesting actual damages of $108,000 and exemplary damages of $1,000,000. She
also contended that the subject of the pending lawsuit, the late payments, was in
“serious dispute.” R.K. Dhingra filed several counter-claims against Charterwood,
but the trial court rendered a take nothing summary judgment in favor of Charterwood
regarding the counter-claims. 
          In August 2001, Charterwood filed traditional and no-evidence motions for
summary judgment and a motion to strike Prather’s plea in intervention. Charterwood
contended that Prather had pleaded herself out of the jurisdictional limits of the
County Court and that she had no standing to participate in the lawsuit. 
          On September 12, 2001, exactly 21 days after the filing of the third motion for
summary judgment and the motion to strike Prather, the trial court granted
Charterwood’s motion for summary judgment against R.K. Dhingra and made the
interlocutory default judgments against  S. Goswami, S. Kharbanda, B.K. Dhingra,
R.D. Dhingra, and Shiva Investment Group final. In a separate judgment, the trial
court granted Charterwood’s motion to strike Prather’s plea in intervention and
granted its motion for partial summary judgment against Prather. 
          R.K. Dhingra filed a motion for new trial. Contained within this motion for
new trial was a notice of appeal. Prather and B.K. Dhingra filed separate signature
pages that were attached to the motion for new trial. All three contended that they did
not receive notice of the hearing concerning the motions that resulted in the final
judgment. 
          As a threshold matter, we note that appellants S. Goswami, S. Kharbanda, R.D.
Dhingra, and Shiva Investment Group did not file a notice of appeal within 30 days
after final judgment. Accordingly, these defendants have failed to perfect their
appeal, thereby failing to invoke our jurisdiction. Tex. R. App. P. 26.1. In addition,
appellants do not complain of the default judgment entered against B.K. Dhingra. 
Therefore, no issue for our review regarding B.K. Dhingra has been raised. 
DiscussionProper Service and Notice
          In their first and second issues, R.K. Dhingra and Prather argue that the trial
court erred in denying their motion for new trial and in granting the motions for
summary judgment because they were not properly served with the motions and they
did not receive notice of the hearings or submissions of those motions. 
          We review the denial of a motion for new trial under an abuse of discretion
standard. Champion Int’l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899
(Tex. 1988). A trial court abuses its discretion when it acts unreasonably or without
regard for any guiding legal principles. Rodriguez v. United Van Lines, Inc., 21
S.W.3d 382, 384 (Tex. App.—San Antonio 2000, pet. denied).
          The certificate of service filed with the trial court states that both motions, the
motion for summary judgment and the motion to strike Prather’s plea in intervention,
were hand delivered to R.K. Dhingra and Prather. At that time, they were the only
parties whose claims had not been disposed of. The motions were sent to the address
that Prather gave in her plea in intervention. Furthermore, R.K. Dhingra admitted
that he received the motions. Therefore, the motions were properly served on them.
          We assume, without deciding, that they did not receive notice of the hearings. 
However, they have failed to preserve error by failing to request a hearing on their
motion for new trial in order to present evidence of lack of notice and to obtain a
ruling. See Rios v. Texas Bank, 948 S.W.2d 30, 33 n.4 (Tex. App.—Houston [14th
Dist.] 1997, no writ); see also Wilson v. General Motors Acceptance Corp., 897
S.W.2d 818, 820-21 (Tex. App.—Houston [1st Dist.] 1994, no writ). R.K. Dhingra
and Prather have waived any error. Furthermore, the trial court did not abuse its
discretion by overruling their motion for new trial by operation of law where the
record fails to show any attempt by R.K. Dhingra or Prather to obtain a timely hearing
on that motion. See Fluty v. Simmons Co., 835 S.W.2d 664, 668 (Tex. App.—Dallas
1992, no writ).
          We overrule R.K. Dhingra’s and Prather’s first and second issues.
          Genuine Issues of Material Fact
          In his third issue, R.K. Dhingra argues that the summary judgment was
improperly rendered in favor of Charterwood because a genuine issue of material fact
existed as to whether he owed the debt and, if so, how much he owed.
          When a plaintiff moves for summary judgment, it must show that it is entitled
to prevail on each element of its cause of action. Ortega-Carter v. Am. Int’l
Adjustment Co., 834 S.W.2d 439, 441 (Tex. App.—Dallas 1992, writ denied). The
plaintiff meets this burden if it produces evidence that would be sufficient to support
an instructed verdict at trial. Id. Once the plaintiff establishes its right to summary
judgment as a matter of law, the burden then shifts to the defendant as nonmovant to
present evidence that raises a genuine issue of material fact, thereby precluding
summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678-79 (Tex. 1979). In reviewing a summary judgment, we accept as true all
evidence supporting the nonmovant. Nixon v. Mr. Property Mgmt. Co., Inc., 690
S.W.2d 546, 548-49 (Tex. 1985). All inferences are indulged in favor of the
nonmovant, and all doubts are resolved in its favor. Id.
          Charterwood provided sworn affidavits and verified proof of the debt owed by
R.K. Dhingra. R.K. Dhingra failed to produce any evidence to raise a genuine issue
of material fact. There was no evidence in the record provided by the nonmovant that
could have been accepted as true. Therefore, no issue of material fact was raised as
to whether R.K. Dhingra or Prather owed the debt and, if so, how much they owed.
          In his fourth issue, R.K. Dhingra argues that the summary judgment was
improperly rendered in favor of Charterwood because a genuine issue of material fact
existed as to whether Charterwood had breached a settlement agreement. We
interpret this issue as an assertion on appeal that R.K. Dhingra had a valid affirmative
defense of breach of a settlement agreement.
          If the party opposing a summary judgment relies on an affirmative defense, he
must first plead that affirmative defense below; he must then come forward with
summary judgment evidence sufficient to raise an issue of material fact on each
element of the defense to avoid summary judgment. Brownlee v. Brownlee, 665
S.W.2d 111, 112 (Tex. 1984). The record shows that R.K. Dhingra did not properly
plead or provide evidence of a settlement agreement and did not respond to the
motion for summary judgment; therefore, no issue of fact was raised on the alleged
affirmative defense of breach of a settlement agreement. 
          We overrule R.K. Dhingra’s third and fourth issues.
Conclusion
          We affirm the judgment of the trial court. All pending motions are denied
as moot.
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Keyes.