Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00016-CV

                                                    __________

 

                                    EDITH
FONTENOT, Appellant  

 

                                                             V.

 

                         MARGARET
HANUS, MICHAEL HANUS, 

                         AND
WILLIAM S. CARVER, III, Appellees



 

                                  On
Appeal from the 353rd District Court

 

                                                            Travis
County, Texas

 

                                           Trial Court
Cause No. D-1-GN-06-002652

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from an order granting summary judgment.  It arises from a claim
seeking enforcement of a mediated settlement agreement by specific performance. 
In granting the summary judgment, the trial court determined that the
settlement agreement is enforceable.  We affirm.

Background
Facts

            Appellant,
Edith Fontenot, instituted the underlying action in 2006 by filing a petition
for declaratory judgment seeking to establish a prescriptive easement across
property owned by appellees, Margaret Hanus, Michael Hanus, and William S.
Carver, III.  Appellant alleged the right to use an “access road that runs from
the (now named) Union Lee Church Road, between portions of Defendants Hanus’
property and Defendant Carver’s property to the entrance of Plaintiff’s
property.”

            The
parties subsequently engaged in mediation with the Dispute Resolution Center on
July 16, 2009, in an effort to settle the suit.  At the conclusion of the
mediation, the parties executed a written settlement agreement that stated as
follows:

The matter of Edith
Fontenot and William Carver and Michael Hanus and Margaret Hanus was mediated
on July 16, 2009, and the parties agreed to the following:

 

On July 22, 2009,
William Carver and Michael and Margret [sic] Hanus will pay Edith Fontenot
$10,000 and William Carver will quitclaim to Edith Fontenot his interest in the
Second Tract as described in Vol. 631, Page 89 recorded in the Travis County
deed records (the “Second Tract”), Edith Fontenot will quitclaim any and all
alleged interest over any property owned by William Carver and Michael and
Margret [sic] Hanus, and the parties will sign a joint notice to dismiss the
lawsuit.  The documents will be prepared by Michael Hemer.  William Carver will
remove his fence across the Second Tract no later than August 19, 2009.

 

Signed this 16 day
of July, 2009

 

[signed by parties]

 

Appellees
subsequently filed the mediated settlement agreement as a Rule 11 Agreement.  Tex. R. Civ. P. 11.   

            Appellant
informed appellees’ attorney on July 23, 2009, that she would not be abiding by
the terms of the settlement agreement.  Based upon this information, appellees
filed a counterclaim on July 30, 2009, seeking enforcement of the settlement
agreement by specific performance.  Appellees additionally filed a motion for
summary judgment on their counterclaim on October 18, 2009.  In her pro se
response to the motion, appellant asserted that the mediation agreement is
ineffectual under the statute of frauds because it does not contain an adequate
property description.  See Tex. Bus. & Com. Code Ann. § 26.01
(Vernon 2009).   Appellant bases her contention on the provision of the
settlement agreement requiring her to “quitclaim any and all alleged interest
over any property owned by William Carver and Michael and Margret [sic]
Hanus.”  

            The
trial court considered the motion for summary judgment at a hearing conducted
on November 10, 2009.  The court granted the motion by requiring specific
performance of the settlement agreement.  Specifically, the court ordered
appellant to execute and deliver quitclaim deeds attached as exhibits to the
judgment.

Analysis

            Appellant
alleges in two issues that the trial court erred in granting appellees’ motion
for summary judgment.  Her contentions on appeal are limited to her assertion
that the settlement agreement does not contain a sufficient property
description to satisfy the statute of frauds.  

We review the trial court’s summary judgment de novo. Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  A trial court must
grant a traditional motion for summary judgment if the moving party establishes
that no genuine issue of material fact exists and that the movant is entitled
to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex. 1991).  Once the movant establishes a right to summary judgment, the
nonmovant must come forward with evidence or law that precludes summary
judgment.  City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678-79 (Tex. 1979).  When reviewing a traditional summary judgment, the
appellate court considers all the evidence and takes as true evidence favorable
to the nonmovant.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49
(Tex. 1985).  The appellate court “must consider whether reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
evidence presented” and may not ignore “undisputed evidence in the record that
cannot be disregarded.” Goodyear Tire & Rubber Co. v. Mayes, 236
S.W.3d 754, 755, 757 (Tex. 2007).

If parties reach a settlement agreement and execute a written agreement disposing of
the dispute, the agreement is enforceable in the same manner as any other
written contract.  Tex. Civ. Prac. &
Rem. Code Ann. § 154.071(a) (Vernon 2011).  After a settlement agreement
is accepted, enforcement is by a suit upon the contract, either for breach or
for specific performance.  Stevens v. Snyder, 874 S.W.2d 241, 243 (Tex. App.—Dallas
1994, writ denied) (“Once a party accepts a settlement offer, he cannot
withdraw from the agreement arbitrarily.”).  To be entitled to specific
performance, an agreement must be valid and enforceable.  Abraham Inv. Co.
v. Payne Ranch, Inc., 968 S.W.2d 518, 527 (Tex. App.—Amarillo 1998, pet.
denied).

            Whether
an agreement falls within the statute of frauds is a question of law.  Fuqua
v. Oncor Elec. Delivery Co., 315 S.W.3d 552, 555 (Tex. App.—Eastland 2010,
pet. denied).  By its express terms, the statute of frauds applies to a
contract for the sale of real property.  Tex.
Bus. & Com. Code Ann. § 26.01(b)(4) (Vernon 2009).  We conclude that
the settlement agreement at issue in this appeal is subject to the statute of
frauds because it relates to the conveyance of real property interests in two
material respects.  First, it pertains to the conveyance of the “Second Tract”
to appellant.  Second, it effectively surrenders appellant’s claimed
prescriptive easement across appellees’ property.  See Fuqua, 315 S.W.3d
at 555 (An express easement is an interest in land that is subject to the
statute of frauds.).  

            The
conveyance in the settlement agreement that appellant attacks is her
relinquishment of the prescriptive easement she claimed in the lawsuit.  For a
conveyance or contract of sale to meet the requirements of the statute of
frauds, it must, insofar as the property description is concerned, furnish
within itself or by reference to other identified writings then in existence
the means or data by which the particular land to be conveyed may be identified
with specific certainty.  Jones v. Kelley, 614 S.W.2d 95, 99 (Tex.
1981); Morrow v. Shotwell, 477 S.W.2d 538, 539 (Tex. 1972); Wilson v.
Fisher, 188 S.W.2d 150, 152 (Tex. 1945).  We direct our attention to the
“other writings” exception.  

            The
settlement agreement at issue is a product of the litigation between the
parties.  The settlement agreement expressly acknowledges this fact by its opening
provision wherein it states, “The matter of Edith Fontenot and William Carver
and Michael Hanus and Margaret Hanus was mediated on July 16, 2009, and the
parties agreed to the following: . . .”  Accordingly, the settlement agreement
obviously references the other documents filed in connection with the
litigation.  These documents include appellant’s pleadings wherein she asserted
a prescriptive easement across the tracts owned by appellees.  In support of
this contention, she attached various deeds to her original petition, including
the deed conveying the Hanuses’ property to them and the deed conveying Carver’s
property to him.  These deeds contained the property descriptions for
appellees’ property and appellant’s property.  Accordingly, the settlement
agreement complied with the statute of frauds because it referenced existing
documents that provided the means by which to identify the particular land to
be conveyed with specific certainty.  Appellant’s two issues on appeal are
overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August  31, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.