**Opinion filed August 31, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00016-CV

_____

## EDITH FONTENOT, Appellant

## V.

## MARGARET HANUS, MICHAEL HANUS, AND WILLIAM S. CARVER, III, Appellees

**On Appeal from the 353rd District Court**

**Travis County, Texas**

**Trial Court Cause No. D-1-GN-06-002652**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order granting summary judgment. It arises from a claim seeking enforcement of a mediated settlement agreement by specific performance. In granting the summary judgment, the trial court determined that the settlement agreement is enforceable. We affirm.

### Background Facts

Appellant, Edith Fontenot, instituted the underlying action in 2006 by filing a petition for declaratory judgment seeking to establish a prescriptive easement across property owned by

appellees, Margaret Hanus, Michael Hanus, and William S. Carver, III. Appellant alleged the right to use an "access road that runs from the (now named) Union Lee Church Road, between portions of Defendants Hanus' property and Defendant Carver's property to the entrance of Plaintiff's property."

The parties subsequently engaged in mediation with the Dispute Resolution Center on July 16, 2009, in an effort to settle the suit. At the conclusion of the mediation, the parties executed a written settlement agreement that stated as follows:

> The matter of Edith Fontenot and William Carver and Michael Hanus and Margaret Hanus was mediated on July 16, 2009, and the parties agreed to the following:
>
> > On July 22, 2009, William Carver and Michael and Margret [sic] Hanus will pay Edith Fontenot $10,000 and William Carver will quitclaim to Edith Fontenot his interest in the Second Tract as described in Vol. 631, Page 89 recorded in the Travis County deed records (the "Second Tract"), Edith Fontenot will quitclaim any and all alleged interest over any property owned by William Carver and Michael and Margret [sic] Hanus, and the parties will sign a joint notice to dismiss the lawsuit. The documents will be prepared by Michael Hemer. William Carver will remove his fence across the Second Tract no later than August 19, 2009.
>
> Signed this 16 day of July, 2009
>
> [signed by parties]

Appellees subsequently filed the mediated settlement agreement as a Rule 11 Agreement. TEX. R. CIV. P. 11.

Appellant informed appellees' attorney on July 23, 2009, that she would not be abiding by the terms of the settlement agreement. Based upon this information, appellees filed a counterclaim on July 30, 2009, seeking enforcement of the settlement agreement by specific performance. Appellees additionally filed a motion for summary judgment on their counterclaim on October 18, 2009. In her pro se response to the motion, appellant asserted that the mediation agreement is ineffectual under the statute of frauds because it does not contain an adequate property description. *See* TEX. BUS. & COM. CODE ANN. § 26.01 (Vernon 2009). Appellant bases her contention on the provision of the settlement agreement requiring her to "quitclaim any

and all alleged interest over any property owned by William Carver and Michael and Margret [sic] Hanus."

The trial court considered the motion for summary judgment at a hearing conducted on November 10, 2009. The court granted the motion by requiring specific performance of the settlement agreement. Specifically, the court ordered appellant to execute and deliver quitclaim deeds attached as exhibits to the judgment.

*Analysis*

Appellant alleges in two issues that the trial court erred in granting appellees' motion for summary judgment. Her contentions on appeal are limited to her assertion that the settlement agreement does not contain a sufficient property description to satisfy the statute of frauds.

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The appellate court "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755, 757 (Tex. 2007).

If parties reach a settlement agreement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract. TEX. CIV. PRAC. & REM. CODE ANN. § 154.071(a) (Vernon 2011). After a settlement agreement is accepted, enforcement is by a suit upon the contract, either for breach or for specific performance. *Stevens v. Snyder*, 874 S.W.2d 241, 243 (Tex. App.—Dallas 1994, writ denied) ("Once a party accepts a settlement offer, he cannot withdraw from the agreement arbitrarily.").

To be entitled to specific performance, an agreement must be valid and enforceable. *Abraham Inv. Co. v. Payne Ranch, Inc.*, 968 S.W.2d 518, 527 (Tex. App.—Amarillo 1998, pet. denied).

Whether an agreement falls within the statute of frauds is a question of law. *Fuqua v. Oncor Elec. Delivery Co.*, 315 S.W.3d 552, 555 (Tex. App.—Eastland 2010, pet. denied). By its express terms, the statute of frauds applies to a contract for the sale of real property. TEX. BUS. & COM. CODE ANN. § 26.01(b)(4) (Vernon 2009). We conclude that the settlement agreement at issue in this appeal is subject to the statute of frauds because it relates to the conveyance of real property interests in two material respects. First, it pertains to the conveyance of the "Second Tract" to appellant. Second, it effectively surrenders appellant's claimed prescriptive easement across appellees' property. *See Fuqua*, 315 S.W.3d at 555 (An express easement is an interest in land that is subject to the statute of frauds.).

The conveyance in the settlement agreement that appellant attacks is her relinquishment of the prescriptive easement she claimed in the lawsuit. For a conveyance or contract of sale to meet the requirements of the statute of frauds, it must, insofar as the property description is concerned, furnish within itself or by reference to other identified writings then in existence the means or data by which the particular land to be conveyed may be identified with specific certainty. *Jones v. Kelley*, 614 S.W.2d 95, 99 (Tex. 1981); *Morrow v. Shotwell*, 477 S.W.2d 538, 539 (Tex. 1972); *Wilson v. Fisher*, 188 S.W.2d 150, 152 (Tex. 1945). We direct our attention to the "other writings" exception.

The settlement agreement at issue is a product of the litigation between the parties. The settlement agreement expressly acknowledges this fact by its opening provision wherein it states, "The matter of Edith Fontenot and William Carver and Michael Hanus and Margaret Hanus was mediated on July 16, 2009, and the parties agreed to the following: . . ." Accordingly, the settlement agreement obviously references the other documents filed in connection with the litigation. These documents include appellant's pleadings wherein she asserted a prescriptive easement across the tracts owned by appellees. In support of this contention, she attached various deeds to her original petition, including the deed conveying the Hanuses' property to them and the deed conveying Carver's property to him. These deeds contained the property descriptions for appellees' property and appellant's property. Accordingly, the settlement agreement complied with the statute of frauds because it referenced existing documents that

4

provided the means by which to identify the particular land to be conveyed with specific certainty.  Appellant's two issues on appeal are overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


August  31, 2011

Panel consists of:  Wright, C.J.,
McCall, J., and Kalenak, J.