**John Benjamin CLOPTON, Jr., Appellant,**

v.

**MOUNTAIN PEAK WATER SUPPLY CORPORATION, et al., Appellees.**

No. 10–95–233–CV.

Court of Appeals of Texas,
Waco.

Nov. 29, 1995.

John Benjamin Clopton, Jr., Venus, pro se.

David A. Miller, Jennifer L. Owen and Jason E. Winford, Miller & Lehman, P.C., Dallas, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

John Benjamin Clopton, Jr. appeals from an order dismissing his claims against Mountain Peak Water Supply Corporation ("Mountain Peak") after the dispute had undergone court-ordered mediation. He appeals on five points. We will reverse.

## BACKGROUND FACTS

Mountain Peak is a rural, non-profit water supply corporation. Clopton is a shareholder. In July 1994, Clopton filed suit against Mountain Peak, its manager, Billy Jack Holt, and its board of directors. Only Mountain Peak and Holt were served with process. Clopton sought declaratory and injunctive relief, asserting irregularities in the election policies of Mountain Peak and violations of its bylaws. He sought to temporarily and permanently enjoin Mountain Peak from "sponsoring, authorizing, supervising, permitting, conducting, encouraging, endorsing, condoning or supporting the election acts, practices, customs and policies" complained of in the petition. Mountain Peak counterclaimed for a declaratory judgment that the 1994 election of its officers was in compliance with its bylaws and applicable law.

In March 1995, Clopton filed a Motion to Set Temporary Injunction Hearing. At the hearing on March 10, the court referred the matter to mediation under Chapter 154 of the Civil Practice and Remedies Code. TEX. CIV.PRAC. & REM.CODE ANN. §§ 154.001–154.073 (Vernon Supp.1995). Clopton and Mountain Peak's attorney met with the mediator on March 14 and, as a result of the mediation, executed a handwritten "Settlement Agreement" stating:

> Subject only to presentation and ratification by the Board of Mt. Peak Water Supply Corp. ("Mt. Peak") pursuant to the Open Meetings Act, Mt. Peak, through its attorney, and John B. Clopton, Jr. ("JBC") agree to settle the matters made the subject of Cause No. 161–94 in the 18th District Court of Johnson County Tx ("the Lawsuit") on the following terms:

> 1) Mt. Peak will utilize the form of Proxy attached hereto as Exhibit "A" in connection with the 1995 Annual Meeting;

> 2) The Lawsuit will be dismissed as to all claims and counterclaims with prejudice, with each party to bear its own costs[; and]

> 3) Mt. Peak and JBC will execute a mutual release of any and all claims arising out of or related to the matters made the subject, or which could have been made the subject, of the Lawsuit.

That same evening, Mountain Peak's board of directors approved the settlement agreement.

On March 16, Clopton sent Mountain Peak's attorney a letter stating that he had "revisited" the settlement agreement and had found "serious problems." On April 4, at the annual meeting of the members of Mountain Peak, Clopton stated that he wanted to "go on the record" that he was "going to renege on his agreement." The next day, April 5, Mountain Peak's attorney wrote a letter telling the trial court these details. Counsel enclosed a proposed Order of Dismissal and sent a copy of the letter and order to Clopton.

On April 7, the court signed the order of dismissal. That same day, Clopton filed a "Motion to Request a Hearing for Application for a Decree of Rescission on Written Settlement Agreement in Connection with Court–Ordered Mediation Held on March 14, 1995." Clopton later filed a motion for new trial, which was overruled by operation of law, attacking the dismissal order and seeking to have it set aside.

## POINTS OF ERROR

Clopton's first point states that the court erred in entering the order of dismissal because he had repudiated the settlement agreement. Mountain Peak argues that a settlement agreement reached through court-ordered mediation is not revocable and that Clopton should not be allowed to prevent the court from enforcing the settlement agreement.

Section 154.071 of the Alternative Dispute Resolution Procedures provides in part:

(a) If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract.

*Id.* § 154.071(a). Mountain Peak argues that settlement agreements reached through court-ordered mediation may not be unilaterally repudiated, citing *Matter of the Marriage of Ames,* 860 S.W.2d 590, 591 (Tex. App.—Amarillo 1993, no writ). Clopton, on the other hand, argues that a court cannot enter a consent judgment based on a court-ordered mediation if one of the parties withdraws his consent prior to the rendition of judgment, citing *Cary v. Cary,* 894 S.W.2d 111, 112 (Tex.App.—Houston [1st Dist.] 1995, no writ).

■ Both Mountain Peak and Clopton agree that mediated settlement agreements are enforceable under contract law. TEX.CIV. PRAC. & REM.CODE ANN. § 154.071(a); *Cary,* 894 S.W.2d at 112; *Ames,* 860 S.W.2d at 591. The question is whether the court—aware of the possibility that Clopton would not consent to the entry of a judgment based on the settlement agreement—erred in dismissing Clopton's claims without notice or hearing. We hold that it did.

■ A court-ordered, mediated settlement agreement is enforceable "in the same manner as any other written contract." TEX.CIV. PRAC. & REM.CODE ANN. § 154.071(a). The same procedures used to enforce other contracts should apply to mediated settlement agreements. *Martin v. Black,* 909 S.W.2d 192, 195 (Tex.App.—Houston [1st Dist.] 1995, n.w.h.). Thus, Mountain Peak is entitled to enforce the agreement, if otherwise valid, by obtaining a judgment—by consent, by summary judgment, or by a jury or non-jury trial. *See id.* ("the only applicable vehicles for obtaining judgment on a dispute over whether a contract exists are (1) a motion for summary judgment, if no fact issue exists, and (2) a non-jury or jury trial, if a fact issue exists").

■ Here, however, Mountain Peak unilaterally asked the court to dismiss Clopton's claims in spite of his March 16 letter asserting "serious problems" with the settlement

agreement and his April 4 appearance at the annual meeting to "go on the record" because he was "going to renege on his agreement." Mountain Peak's April 5 letter to the court stated that there was "no reason why the enclosed Settlement Agreement does not authorize the Court to dismiss this case with prejudice." It mailed a copy of the letter and proposed dismissal order to Clopton, telling him to communicate to the court any objections to the entry of the judgment "immediately, in writing." The letter erroneously asked the court to sign the dismissal order if the court did not hear from Clopton "shortly."

The letter and proposed order are both file-marked at 10:05 a.m. on April 7; the court signed the dismissal order on April 7, although a time is not specified; Clopton filed a "Motion to Request a Hearing for Application for a Decree of Rescission of Written Settlement Agreement" at 3:19 p.m. on April 7. The order of dismissal was entered without Clopton's consent and without benefit of "an applicable vehicle" by which Mountain Peak could enforce the settlement agreement by asking the court to enter judgment. *Martin,* 909 S.W.2d at 195. We believe the court erred in dismissing the cause. We sustain point one.

We do not determine whether Clopton may repudiate the settlement agreement. Clopton's withdrawing his consent to entry of a judgment does not necessarily make the settlement agreement unenforceable. *Stevens v. Snyder,* 874 S.W.2d 241, 244 (Tex.App.—Dallas 1994, writ denied). A party can enforce the agreement even though the other party has withdrawn consent to the judgment. *Id.* However, the party seeking to enforce the agreement must provide proper pleading and proof to support enforcing the settlement agreement under contract law. *Id.* We simply remand this cause to the trial court to give Mountain Peak the opportunity to plead and prove that the settlement agreement should be enforced as a contract and to give Clopton an opportunity to plead any defenses.

Having sustained point one, we do not reach the remaining points. We set aside

the dismissal order and remand the cause to the trial court for further proceedings.