IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00150-CV

 

Marsha Lewis Blake and 

Travis Hedemann, Trustee,

                                                                      Appellants

 v.

 

Mineral Properties, Inc. 

and Dan Miller, II,

                                                                      Appellees

 

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court No. 02-12-16612-CV

 



MEMORANDUM  Opinion










 

          Marsha Lewis Blake and Travis Hedemann,
Trustee, appeal the trial court’s dismissal, with prejudice, of their lawsuit
against Mineral Properties, Inc. and Dan Miller, II which involved the
assignment of two oil and gas leases.  Mineral Properties and Miller allege
that the parties’ attorneys entered into a settlement agreement which is
binding on the parties.  But Blake and Hedemann revoked their consent to the
settlement agreement prior to rendition of the judgment.

          In one issue, Blake and Hedemann
complain “the trial court erred in rendering judgment based on a settlement
agreement that did not meet the requirements of Rule 11 of the Texas Rules of
Civil Procedure and had not been authorized by the Plaintiffs.”  Blake and
Hedemann essentially argue three sub-issues under this one issue:  1) the
settlement agreement did not comply with Rule 11 and, thus is unenforceable; 2)
Blake’s and Hedemann’s attorney had no authority to enter into the settlement
agreement, and thus, the agreement is unenforceable; and 3) the trial court
knew Blake and Hedemann did not consent to the agreement, and thus, the trial
court erred in rendering a consent judgment.  Because the third sub-issue is
dispositive, we will discuss that argument first.

          The law in this State since at least
1951 has been that a judgment based upon an agreement of the parties or their
attorneys cannot be rendered by a court when consent of one of the parties
thereto is lacking.  See Mantas v. Fifth Court of Appeals, 925
S.W.2d 656, 658 (Tex. 1996); Padilla v. La France, 907 S.W.2d 454, 461 (Tex. 1995); Quintero v. Jim Walter Homes, Inc., 654 S.W.2d 442, 444 (Tex. 1983); Burnaman v. Heaton, 240 S.W.2d 248, 291 (Tex. 1951).  Consent must exist
at the very moment the court undertakes to make the agreement the judgment of
the court.  Burnaman, 240 S.W.2d at 291.  When a trial court has
knowledge that one of the parties to a suit does not consent to a judgment, the
trial court should refuse to sanction the agreement by making it the judgment
of the court.  Quintero, 654 S.W.2d at 444.  A judgment rendered after
one of the parties revokes his consent is void.  S & A Restaurant Corp.
v. Leal, 892 S.W.2d 855, 857 (Tex. 1995).

          Like numerous other litigants have
argued, Mineral Properties and Miller argue that the dismissal was not a
consent judgment but was a judgment properly enforcing the settlement
agreement.  They are incorrect.  An action to enforce a settlement agreement
where consent is withdrawn must be based on proper pleading and proof.  Padilla
v. LaFrance, 907 S.W.2d 454, 462 (Tex. 1995).  The only “pleading” for
enforcement of the agreement in this record is a motion to dismiss filed by
Mineral Properties and Miller.  A motion to dismiss is not a proper pleading
from which the trial court can enforce the settlement agreement.  See Quintero
v. Jim Walter Homes, Inc., 654 S.W.2d 442, 444 (Tex. 1983); Clopton v.
Mountain Peak Water Supply Corp., 911 S.W.2d 525, 526 (Tex. App.—Waco 1995,
no pet.).  

          The trial court rendered a judgment
based on an agreement to dismiss the lawsuit reached by the parties’
attorneys.  The court was aware prior to its judgment that Blake and Hedemann
no longer, if ever, agreed to the settlement which included an agreement to a
judgment dismissing their lawsuit.  But the suit was dismissed anyway.  Because
Blake and Hedemann revoked their consent to the agreed dismissal before the
judgment was rendered, the judgment is void.

          Blake’s and Hedemann’s third sub-issue
is sustained, and this case is reversed and remanded to the trial court.  We do
not determine at this point whether the settlement agreement was valid under
Rule 11 or whether Blake’s and Hedemann’s attorney had the authority to enter
into the agreement.  We simply remand this case to the trial court where
Mineral Properties and Miller may, upon proper pleading and proof, pursue the
enforcement of the settlement agreement and where Blake and Hedemann may plead
and prove any defenses they may have.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Reversed
and remanded

Opinion
delivered and filed March 29, 2006

[CV06]