IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00101-CV

 

Howard Topham, Sr.,

                                                                                    Appellant

 v.

 

Charles E. Patterson, Karen Patterson, 

and Marvin Stewart Lumber and Hardware, Inc.,

 

                                                                                    Appellees

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 67,854

 



MEMORANDUM  Opinion



 








            Howard Topham, Sr. appeals the trial
court rendering an agreed judgment on the basis of a settlement agreement
mediated between the parties.  In two issues, he complains that the trial court:
1) erred in rendering an agreed judgment without his consent; and 2) improperly
denied his motion for new trial.  We will reverse and remand.

            We consider first whether the agreed
judgment was appropriately rendered.  Topham originally brought an action
against Charles Patterson, Karen Patterson, and Marvin Stewart Lumber and
Hardware, Inc. (collectively the Pattersons) to quiet title to certain land. 
The court referred the case to mediation.  The result was a settlement
agreement signed by all parties.  When the Pattersons moved for an agreed judgment
based on that settlement, Topham withdrew his consent.

            It is well settled law in Texas that a party may withdraw his consent to a settlement agreement at any time before
the court renders judgment on that agreement.  S & A Restaurant Corp. v.
Leal, 892 S.W.2d 855, 857 (Tex. 1995); Quintero v. Jim Walter Homes,
Inc., 654 S.W.2d 442, 444 (Tex. 1983); Blake v. Mineral Properties, Inc.,
No. 10-04-00150-CV, 2006 Tex. App. LEXIS 2522, at *2 (Tex. App.—Waco March 29,
2006, no pet.) (mem. op.).  The fact that the settlement resulted from
court-ordered mediation does not impact a party’s ability to withdraw consent. 
Clopton v. Mountain Peak Water Supply Corp., 911 S.W.2d 525, 527 (Tex.
App.—Waco 1995, no pet.).  An agreed judgment rendered without the consent of
all parties is void.  Quintero, 654 S.W.2d at 444. Nonetheless, the
consenting party can still enforce the settlement as a contract.  Clopton,
911 S.W.2d at 527.

            The Pattersons contend that because
the settlement agreement contains a provision calling for an agreed judgment
based on the settlement, such judgment could be rendered without Topham’s
consent.  They further contend that the erroneous consent judgment was harmless
error because Topham had the opportunity to litigate his claims of duress and
fraud at the hearing on his motion for new trial.  These arguments confuse the
consent judgment with an action to enforce the settlement agreement by contract
law.  See Blake, 2006 Tex. App. LEXIS 2522, at *2.  An action to
enforce the settlement agreement where consent is withdrawn must be based on
proper pleading and proof.  Padilla v. LaFrance, 907 S.W.2d 454, 462 (Tex. 1995); Clopton, 911 S.W.2d at 527.  The only pleading is the Pattersons’ motion
for a consent judgment which is not a proper pleading to enforce a settlement
agreement lacking consent.  See Padilla, 907 S.W.2d at 462; Quintero
654 S.W.2d at 444; Clopton, 911 S.W.2d at 526.

             The judgment was rendered after
Topham withdrew his consent.  The trial court erred in rendering that judgment.
 We sustain Topham’s first issue.  We do not determine whether Topham has a
valid defense to the settlement agreement.  Id.

Having sustained issue one, we do not reach the
remaining issues.  We reverse and remand this case for further proceedings consistent
with this opinion.

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Reverse and remand

Opinion delivered and
filed July 18, 2007

[CV06]